J-S03034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTOINE SPANN | |
| Appellant | No. 1983 EDA 2014 |

Appeal from the PCRA Order June 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0110831-1991

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 26, 2015**

Antoine Spann appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, dated June 24, 2014, dismissing his serial petition filed under the Post-Conviction Relief Act ("PCRA")[1] as untimely.  Spann seeks relief from the judgment of sentence of life imprisonment imposed on **May 11, 1992**, following his jury conviction of second-degree murder.[2]  Because we agree the petition is untimely, we affirm.

Spann's conviction arose out of a shooting on October 23, 1990, when Spann, accompanied by four cohorts, shot and killed Clarence Davis.  On

_____

[1]  42 Pa.C.S. §§ 9541-9546.

[2]  18 Pa.C.S. § 2502.

January 21, 1992, a jury found Spann guilty of second-degree murder, but not guilty of possession of an instrument of crime.[3]  The trial court denied Spann's post-verdict motions and, on May 11, 1992, imposed a mandatory sentence of life imprisonment.  This Court affirmed the judgment of sentence on July 7, 1993, and the Supreme Court denied *allocatur* on February 23, 1994.[4]

The PCRA court set forth the remainder of the procedural history as follows:

> On June 6, 1995, Spann filed a pro se PCRA petition, which was dismissed without prejudice due to his pending federal habeas petition.  After Spann's habeas petition was dismissed, he filed another pro se PCRA petition on September 7, 1995.  PCRA counsel was appointed and counsel filed an amended petition raising three claims of ineffectiveness of trial counsel.  On November 27, 1996, the Honorable Ricardo C. Jackson dismissed the PCRA petition.  Spann subsequently appealed the dismissal to the Superior Court and the Court affirmed the dismissal on December 12, 1997.[5]  On July 30, 1999, Spann filed a "nunc pro tunc application addressing the reasons [he] failed to file petition for allowance of appeal nunc pro tunc on a timely basis" in the Supreme Court of Pennsylvania, which the Court denied per curiam on October 26, 1999.
>
> On February 11, 2000, Spann filed a second pro se PCRA petition, which the Honorable Ricardo C. Jackson dismissed as untimely on June 28, 2000.  On June 14, 2010, Spann filed a

---

[3]  **See** 18 Pa.C.S. § 907.

[4]  **Commonwealth v. Spann**, 633 A.2d 1225 (Pa. Super. 1993) (unpublished memorandum), *appeal denied*, 641 A.2d 585 (Pa. 1994).

[5]  **Commonwealth v. Spann**, 706 A.2d 1259 (Pa. Super. 1997) (unpublished memorandum).

third pro se PCRA petition, which the Honorable Ricardo C. Jackson also dismissed as untimely on September 28, 2011.

On October 18, 2012, Spann filed the instant PCRA petition. In response, the Commonwealth filed a Motion to Dismiss on January 7, 2014. The matter was first listed before this court for decision on May 28, 2014. On May 28, 2014, following a review of the record, evidence, Spann's petition, and the Commonwealth's submission, this court sent Spann a 907 Notice, pursuant to Pa.R.Crim.P. 907(1). Spann filed a response to the 907 Notice on June 19, 2014. On June 25, 2014[,] this court dismissed the PCRA petition.

PCRA Court Opinion, 7/21/2014, at unnumbered 2. This *pro se* appeal followed.[6]

As a preliminary matter, Spann has filed a Motion to Strike the Commonwealth's appellee brief as being untimely. **See** Motion for Leave to Strike Appellee's Untimely Brief from Record, 12/29/2014. Spann avers that although this Court gave the Commonwealth one extension of time, on September 26, 2014, in which to file a brief by November 18, 2014, the Commonwealth filed a brief 27 days after this due date. **Id.** We deny Spann's motion, as he was not prejudiced by the Commonwealth's late filing of its brief. We now turn to the substantive claims.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant

---

[6] The PCRA court did not order Spann to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b).

PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id***.*

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Spann's petition for allowance of appeal with the Pennsylvania Supreme Court was denied on February 23, 1994. Therefore, Spann's sentence became final on May 24, 1994, when his time to file a petition for *writ* of *certiorari* with the United States Supreme Court expired. **See** Sup. Ct. R. 13. Moreover, pursuant to Section 9545(b)(1), Spann had one year from the date his judgment of sentence became final to file a PCRA petition. **See Taylor**, **supra**. The instant petition was not filed until

October 18, 2012, approximately 18 years later, making it patently untimely.[7]

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).  Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Moreover, we are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally

---

[7] There exists a *proviso* to the 1995 amendments to the PCRA that provides a grace period for petitioners whose judgments became final on or before the January 16, 1996 effective date of the amendments.  However, the *proviso* applies to first PCRA petitions only, and the petition must be filed by January 16, 1997. **See Commonwealth v. Thomas**, 718 A.2d 326 (Pa. Super. 1998) (*en banc*).  It is evident Spann is not entitled to the relief provided by the *proviso.*

confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005). It merits mention that Spann's brief is disjointed and unintelligible at some points.

Nevertheless, a review of the brief reveals that Spann raises the following arguments on appeal: (1) PCRA counsel was ineffective;[8] (2) the trial court engaged in "governmental interference" in 1998 when it determined that Spann's "petition" for *nunc pro tunc* relief was defective;[9]

---

[8] For example, Spann claims PCRA counsel was ineffective for not filing the correct document with the court, for not informing the appropriate authority about the unethical conduct by the District Attorney's Office, for not being aware of the personal relationship between Spann's trial counsel and the prosecutor, for not objecting to a certain witness's statement at the PCRA hearing, for not raising the issue that the trial judge withheld exculpatory evidence from the jury, and for abandoning Spann during the PCRA hearing. Spann's Brief at 6-31. Spann also alleges PCRA counsel knew about a conspiracy between the trial judge and the District Attorney's Office and did not inform the appropriate authority about this "miscarriage of justice." ***Id.*** at 22.

[9] Spann states that he received a letter from a clerk of courts that a "new rule" of constitutional law applied retroactively to his case but fails to explain how this unidentified rule applied. ***Id.*** at 33. Moreover, he claims the clerk of courts sent his petition to the trial court, instead of the Pennsylvania Supreme Court, and without the Court's knowledge, which was a negligent action that impeded the proper filing of the document. ***Id.*** at 34. Likewise, he contends "it took an extra thirty seven (37) days for [him] to receive back his defective brief and prevented [him] from correcting, and resubmitting his brief in a timely manner." ***Id.*** at 35. Additionally, in this section of Spann's argument, he complains of judicial bias, and, asserts that in 1999, the District Attorney's Office prevented him from exhausting his state remedies. ***Id.*** at 37-38.

and (3) Spann received information in February of 2010 concerning "newly discovered evidence" of alleged prosecutorial misconduct.[10]

With respect to Spann's first issue regarding ineffective assistance, we are guided by the following:

> Our Supreme Court has made clear that the section 9545(b)(1)(ii) exception will not apply to alleged ineffective assistance of counsel claims, even if the claims were not knowable until advised of their existence by present counsel. *See Commonwealth v. Bronshtein*, 561 Pa. 611, 752 A.2d 868 (Pa. 2000); *Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911 (Pa. 2000); *see also* [*Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999);] (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on merits).

*Commonwealth v. Perrin*, 947 A.2d 1284, 1287 (Pa. Super. 2008). Accordingly, Spann's first claim does not qualify under any of the three enumerated exceptions to the timeliness requirement.

With respect to Spann's second issue of governmental interference, we find this argument fails for several reasons. First, Spann neglects to even plead that he made this assertion within 60 days of when the claim could have first been brought pursuant to Section 9545(b)(2). Second, as the PCRA court found:

---

[10] Specifically, Spann maintains he received a letter in early 2010, from the "Defender Association," which informed him that District Attorney's Office was trying to convict him of a "20 year old case," and there was exculpatory evidence that would prove trial counsel's conflict of interest in the matter. *Id.* at 39-40. He also contends that PCRA counsel "knew all about the unethical conduct against her client, but would not file this evidence in her amended PCRA petition[.]" *Id.* at 40.

- 7 -

> Spann's claim attempts to invoke the governmental interference timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(i); however, his reliance on the exception is misplaced. The language of 42 Pa.C.S. § 9545(b)(1)(i) provides that the petitioner must prove that "the failure to raise the claim previously was the result of interference by government officials." The exception, therefore, only applies to governmentala interference with the petitioner's timely presentation of PCRA claims. Spann's claim provides no details about the trial court's alleged interference with paperwork related to a "cover-up" with his appeal; however, the bare allegation of the court's "interference" has nothing to do with his failure to raise a PCRA claim and, as such, his claim must fail.

PCRA Court Opinion, 7/21/2014, at unnumbered 5-6 (footnote omitted). We agree with the court's sound reasoning, and conclude the governmental interference to the time bar is inapplicable to the present matter.

Lastly, with respect to Spann's "newly discovered evidence" argument, we note that he did not file the present petition within 60 days of the date that his claim could have been presented. As alleged by Spann, he received this "newly discovered evidence" of alleged prosecutorial misconduct in February of 2010; however, he did not file his present PCRA petition until October 18, 2012, which was well past the 60-day period. As such, we also find Spann fails to invoke the exception pursuant to Section 9545(b)(1)(ii), for after-discovered facts, to excuse his untimely petition.

Accordingly, there is no dispute that Spann filed his fourth PCRA petition more than one year after his judgment of sentence became final. Based on the aforementioned, we conclude Spann failed to satisfy his burden of pleading and proving the applicability of the government interference

and/or after-discovered evidence exceptions to the PCRA's timeliness requirement. Therefore, we affirm the PCRA court's order dismissing Spann's PCRA petition.

Order affirmed. Spann's Motion for Leave to Strike Appellee's Untimely Brief from Record denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2015