J-A26037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EUGENIO HERNANDEZ | |
| Appellant | No. 2038 MDA 2014 |

Appeal from the PCRA Order of November 20, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at Nos.:    CP-38-CR-0000546-2002
CP-38-CR-0000797-2001
CP-38-CR-0000805-2001
CP-38-CR-0000806-2001
CP-38-CR-0000807-2001
CP-38-CR-0000808-2001

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:           **FILED NOVEMBER 06, 2015**

Eugenio Hernandez appeals the November 20, 2014 order dismissing his petition for writ of *habeas corpus*, which the PCRA court considered as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

Prior panels of this Court have summarized the underlying factual and procedural history of this case as follows:

> On numerous occasions between October 11, 2000 and February 15, 2001, detectives and police officers of the Lebanon City Drug Task Force sent confidential informants Jason Schlegal and

---

[*]    Retired Senior Judge assigned to the Superior Court.

Raymond Norton to purchase drugs from [Hernandez], who sold them several "rocks" of crack cocaine. On February 16, 2001, the Drug Task Force executed a search warrant at 711 Chestnut Street, the address of an apartment rented by [Hernandez]. The authorities found various ziplock baggies containing cocaine residue, drug sale records, and other drug paraphernalia associated with [Hernandez'] cocaine trafficking.

*Commonwealth v. Hernandez*, 305 MDA 2003, slip op. at 1-2 (Pa. Super. Dec. 31, 2003).

On September 6, 2002, a jury convicted Hernandez of several counts of possession of controlled substances, possession of paraphernalia, possession with intent to deliver, conspiracy, and criminal use of a communication facility. On September 18, 2002, the trial court sentenced Hernandez to an aggregate 64 to 174 months' incarceration. This Court affirmed the judgment of sentence on December 31, 2003. Hernandez did not file a petition for allowance of appeal with our Supreme Court.

On January 21, 2005, Hernandez filed a timely *pro se* PCRA petition. The PCRA court appointed counsel from the Public Defender's Office of Lebanon County, Brian Deiderick, to file an amended PCRA petition in April 2005. Hernandez wrote Attorney Deiderick a letter listing the issues he wanted to raise. Attorney Deiderick, however, was subsequently hospitalized and the letter was inadvertently misplaced in another client's file. The PCRA court dismissed Hernandez's *pro se* petition without a hearing. Upon realizing his error, Attorney Deiderick filed an application with this Court to file an amended PCRA petition *nunc pro tunc*, which this Court granted in an unpublished memorandum filed November 14, 2006. *Commonwealth v. Hernandez*, 915 A.2d 143 (Pa. Super. 2006). The PCRA court apparently did not receive a copy of this Court's memorandum for several months. In June of 2007, the PCRA court directed Hernandez to file a *nunc pro tunc* amended PCRA petition.

On July 12, 2007, Attorney Deiderick filed an amended PCRA petition raising nine claims of error. On September 5, 2007, the PCRA court entered an opinion and order pursuant to Pa.R.Crim.P. 907 indicating its intention to dismiss the first seven claims without an evidentiary hearing, but ordering a hearing on the last two claims. Attorney Deiderick did not

respond to the notice of intent and the PCRA court dismissed the first seven claims. On December 14, 2007, the PCRA court held a hearing on the remaining claims, and on February 5, 2008, the PCRA court entered an order dismissing Hernandez' amended PCRA petition.

***Commonwealth v. Hernandez***, 500 MDA 2008 slip. op. at 2-3 (Pa. Super. Aug. 21, 2009).

We affirmed the PCRA court's dismissal of Hernandez' amended PCRA petition on August 21, 2009. The Pennsylvania Supreme Court denied Hernandez' petition for allowance of appeal on February 22, 2010. On March 17, 2010, Hernandez filed a petition for recidivism risk reduction incentive program. The PCRA court treated this petition as a second PCRA petition, and denied Hernandez' petition on April 21, 2010. Hernandez did not appeal this denial.

On October 3, 2014, Hernandez filed a *pro se* document captioned as a "Writ of *Habeas Corpus* Ad Subjiciendum." Because Hernandez sought in this *habeas corpus* petition a modification of his sentence, the PCRA court treated it as a third PCRA petition. On October 21, 2014, the PCRA court issued an order outlining its intention to dismiss Hernandez' petition as untimely. Although the PCRA court had yet to issue an order dismissing the petition, Hernandez filed a notice of appeal on November 10, 2014. On November 20, 2014, the PCRA court filed an order dismissing the petition and recognizing that Hernandez already had filed an appeal. The PCRA court directed that this case be sent to this Court and stated that it was relying

upon its memorandum opinion filed with its notice of intent to dismiss in lieu of a Pa.R.A.P. 1925(a) opinion.

Hernandez raises one claim on appeal: "Whether a claim that [Hernandez'] sentence is unconstitutional in violation of the mandatory minimum, as pronounced by [**Commonwealth v.**] **Munday**, [78 A.3d 661 (Pa. Super. 2013)], **Alleyne** [**v. United States**, 133 S.Ct. 2151 (2013)], and **Apprendi** [**v. New Jersey**, 530 US 466 (2000)], constitutes a claim legitimately sounding in *Habeas Corpus*?" Hernandez' Brief at 4. Hernandez insists that his third PCRA petition should be treated as a petition for a writ of *habeas corpus*. Hernandez' Brief at 10.

Before reaching the merits of Hernandez' claims, we must determine whether the PCRA court correctly construed Hernandez' filing as a PCRA petition. The PCRA court found that Hernandez sought relief in the form of a modified sentence in his petition for writ of *habeas corpus*. The PCRA is the exclusive means for obtaining post-conviction collateral relief. **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001) (citing **Commonwealth v. Bronshtein**, 752 A.2d 868, 869-70 n.3 (Pa. 2000)). This is true regardless of how a filing is titled. **Kutnyak**, 781 A.2d at 1261 (citing **Commonwealth v. Hutchins**, 760 A.2d 50, 52 n.1 (Pa. Super. 2000)).

Our Supreme Court has addressed similar claims from petitioners seeking relief via *habeas corpus* when PCRA remedies are available to them. In **Commonwealth v. Turner**, 80 A.3d 754 (Pa. 2013), the petitioner

sought collateral review in the form of a petition for a writ of *habeas corpus*. *Id.* at 345. The **Turner** Court explained that "the PCRA at Section 9542 subsumes the remedies of *habeas corpus* and *coram nobis*." **Id.** That section reads, in part:

> The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.

42 Pa.C.S. § 9542. Simply put, the writ of *habeas corpus* is not available when there is a remedy under the PCRA. **Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998).

To determine whether Hernandez had a remedy under the PCRA, we look to the terms of the PCRA. In **Commonwealth v. Evans**, 866 A.2d 442 (Pa. Super. 2005), the appellant filed a motion for modification of sentence. The Court found that appellant's submission, by whatever name, was to be treated as a petition under the PCRA. **Id.** at 443. Here, Hernandez claims he received an unconstitutional sentence. His claim is cognizable under the PCRA as well. **See** 42 Pa.C.S § 9543(a)(2)(i)("A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"); **see also Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000)(concluding motion to correct illegal sentence had to

be treated as petition filed pursuant to PCRA). Therefore, the PCRA court did not err in treating the writ as a PCRA petition.

Before reaching the merits of Hernandez' claim, we must determine whether his petition was timely. The PCRA time limits are jurisdictional in nature and must be strictly construed. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008). A court may not address the merits of an issue raised in a PCRA petition if it is not timely filed. *Id.* at 1267-68. All PCRA petitions "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review or when the time period to obtain direct review ends. 42 Pa.C.S.A. §9545(b)(3).

On December 31, 2003, this Court affirmed Hernandez' judgment of sentence. He did not seek review in the Pennsylvania Supreme Court. Thus, his judgment became final on January 30, 2004, at the expiration of the time in which he could have sought further review. A timely PCRA petition must have been filed on or before January 30, 2005. Here, Hernandez did not file the instant petition until October 3, 2014, nine years after his judgment of sentence became final. Therefore, Hernandez' third PCRA petition facially is untimely.

Hernandez can overcome the timeliness requirement if, in his petition, he alleged and proved one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

In his petition, Hernandez pled the third exception to the PCRA's time bar. Hernandez' seeks a new sentence, relying upon *Alleyne*. In his brief, he argues that his petition should be considered timely because it was filed after he learned of *Alleyne* and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014). Hernandez' Brief at 9-11. Hernandez seeks relief on the claim that portions of his sentence are unconstitutional due to the imposition of the mandatory sentencing provision of 42 Pa.C.S. § 9712.1, which, according to Hernandez, violated the ruling set forth in *Alleyne*. *Id.* Therefore, Hernandez argues his petition should be considered to meet the third exception to the PCRA's time bar.

In *Alleyne*, the United States Supreme Court held that any fact that increases the mandatory minimum sentence for crime is an "element" of the crime, not a "sentencing factor," that must be submitted to a jury to determine the validity thereof. *Alleyne*, 133 S.Ct. at 2162. This Court subsequently held that 42 Pa.C.S. § 9712.1, the same provision under which

Hernandez was sentenced, was unconstitutional pursuant to **Alleyne**. **See Newman**, 99 A.3d at 98.

Nevertheless, we previously have rejected the type of claim Hernandez raises in the context of an untimely PCRA petition:

> Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review.
>
> * * *
>
> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar.

**Commonwealth v. Miller**, 102 A.3d 988, 994-95 (Pa. Super. 2014).

Since **Miller** was decided, neither the United States nor the Pennsylvania Supreme Court has held that **Alleyne** is to be applied retroactively. Therefore, Hernandez has not satisfied the requirements for the exception to the PCRA's time bar and his PCRA petition is untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/6/2015</u>