# Commonwealth v. Langerston

C.P. of Montgomery County, no. CP-46-CR-0002149-2006.

*Douglas Keith Rosenblum,* for Commonwealth.
*Steven Fisher Fairlie,* for defendant.

CARPENTER *J.,* AUGUST 25, 2010—

## FACTUAL AND PROCEDURAL HISTORY

Appellant, Darryl Langerston, appeals from the June 2, 2010 final order, dismissing without a hearing, his untimely second petition for post-conviction relief brought pursuant to the Post Conviction Relief Act, (PCRA), 42 Pa.C.S. §9541- 9546.

On August 23, 2006, appellant was convicted of third-degree murder[1] and possession of an instrument of crime[2] for the February 7, 2006, stabbing death of Roderick Jackson. Appellant was sentenced to 20 to 40 years' imprisonment. Appellant filed a nunc pro tunc appeal. Subsequently, appellant's judgment of sentence was affirmed by our Superior Court on November 28, 2007. No further appeal was taken.

On August 29, 2007, while appellant's direct appeal was pending, appellant filed a premature PCRA petition, which we deferred pending the resolution of his direct appeal.

---

1. 18 Pa.C.S. §2502(c).
2. *Id.* section 907.

On March 24, 2008, appellant filed a pro se PCRA petition. Counsel was appointed, and having found no merit to appellant's petition, he issued a "no-merit" letter. After proper notice, a final dismissal order was issued on July 10, 2008. On June 16, 2009, the Superior Court affirmed our dismissal of the PCRA petition. The Pennsylvania Supreme Court denied allocatur on October 27, 2009. Appellant did not seek further review.

On February 18, 2010, appellant filed this untimely second PCRA petition, to which the Commonwealth filed an answer. On April 22, 2010, we issued a 20-day dismissal order. Appellant filed a response entitled "writ of habeas corpus." Subsequently, we issued a final order on June 2, 2010, from which appellant appealed on July 2, 2010.

As noted, appellant filed a writ of habeas corpus. Not only did we consider it as appellant's response to our 20-day dismissal order, but also we issued an order on May 20, 2010, dismissing the writ of habeas corpus. Appellant appealed from the May 20, 2010 order on June 11, 2010. In accordance with Pa.R.A.P. 1925(b), on July 2, 2010, we directed appellant to file a concise statement of errors complained of on appeal. Appellant complied on July 22, 2010. Subsequently, that appeal was discontinued and withdrawn on August 11, 2010.

Appellant also appealed from the June 2, 2010 final order, dismissing his untimely second PCRA petition, which is the subject of this opinion. Accordingly, we issued an order for a concise statement on July 23, 2010, which was docketed on July 27, 2010. Appellant has not filed a concise statement in regard to this appeal. How-

ever, he did file a concise statement regarding his now discontinued appeal, and we have considered it to have adequately preserved the issues in this appeal. Therefore, we will address the issue of our dismissal of appellant's untimely second PCRA petition.

## ISSUE

### I. *Whether We Properly Dismissed Appellant's Untimely Second PCRA Petition*

## DISCUSSION

### I. *We Properly Dismissed Appellant's Untimely Second PCRA Petition*

Any PCRA petition, including a second and subsequent one, must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. §9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, or when the time for seeking such review expires. 42 Pa.C.S. §9545(b)(3). The timeliness requirements are mandatory and jurisdictional in nature, and no court may properly disregard or alter them in order to reach the merits of the claims in an untimely PCRA petition. *Commonwealth v. Murry,* 562 Pa. 1, 5, 753 A.2d 201, 203 (2000); *Commonwealth v. Price,* 876 A.2d 988 (Pa. Super. 2005).

In this case, appellant's judgment of sentence became final on December 27, 2007, which is 30 days after the Pennsylvania Superior Court affirmed appellant's judgment of sentence, and the time allowed to seek review with the Pennsylvania Supreme Court expired. See, Pa.R.A.P. 1113. Therefore, appellant had until December 27, 2008 in which to file a timely PCRA petition.

Additionally, the statutory exceptions to the timeliness requirements do not save appellant's untimely PCRA petition. The PCRA provides for three exceptions to its one-year time bar. A PCRA petition will be deemed timely where a petitioner pleads and proves that (1) the failure to raise the claim earlier was due to the interference of government officials; (2) the claims is predicated on facts that were unknown to the petitioner and could not have been discovered with due diligence or (3) the right asserted was recognized by the United States Supreme Court or the Pennsylvania Supreme Court as a constitutional right after the petitioner's case was decided and the right has been upheld to apply retroactively. 42 Pa.C.S. §9545(b)(1)(i)-(iii); *Murray, supra.* A petition alleging one of these exceptions must be filed within 60 days of the date that the claim could have been presented. 42 Pa.C.S. §9545(b)(2). It is the petitioner's burden to plead and prove that one of the exceptions applies. 42 Pa.C.S. §9545(b)(1); *Commonwealth v. Bronshtein,* 561 Pa. 611, 616, 752 A.2d 868, 871 (2000).

In this case, appellant asserts in his petition that he did not receive a copy of the notes of testimony, specifically those regarding jury instructions, until May 1, 2009, qualifying him for an exception to the timeliness requirements. He claims that his PCRA petition is based upon after discovered evidence pursuant to 42 Pa.C.S. §9545(b)(1)(ii). He also claims that because the notes of testimony were not forthcoming from the clerk of courts until May 1, 2009, he also qualifies under the governmental interference exception. We disagree. The notes of testimony relating to jury instructions were entered onto the docket on November 13, 2006, and with due diligence the notes of testimony should have been discovered prior to May 1, 2009. Even if May 1, 2009 was

the earliest that appellant could have received these notes of testimony, he should have filed his PCRA petition within 60 days from that date, *i.e.,* June, 30, 2009; however, appellant's second PCRA petition was not filed until February 18, 2010 making the exceptions to the timeliness requirements inapplicable. Therefore, because none of the timeliness exceptions apply, appellant's second PCRA petition is untimely, and we lacked jurisdiction to reach the merits of any of the ineffectiveness claims contained therein.

For the first time on appeal, in his concise statement, appellant argues that the premature PCRA petition he filed on August 29, 2007, while his direct appeal was pending, remains pending and unresolved because we deferred ruling on the petition at that time. He argues that this defect in procedure requires this court to now consider the issues he raised in the premature petition, under the governmental interference exception.

Initially, we find that this issue is waived because it was raised for the first time on appeal. See Pa.R.A.P. 302. Even if this issue was not waived we note that "PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final. Therefore, [a] premature petition does not constitute a first PCRA petition." *Commonwealth v. Kubis,* 808 A.2d 196, 198 n.4 (Pa. Super. 2002). Additionally, appellant did properly file a timely PCRA petition, which was reviewed on its merits.

## CONCLUSION

Based upon the forgoing analysis, our June 2, 2010 order should be affirmed.