# Commonwealth v. Burrell

C.P. of Lehigh County, no. 310/2007.

*Greg Englert,* for Commonwealth.
*Michael Gough,* for appellant.

BANACH, *J.,* November 9, 2010— On December 6, 2007, the above-captioned appellant pled guilty to one count of possession with intent to deliver,[1] one count of receiving stolen property[2] and one count of fleeing or attempting to elude police.[3] On that same date, the appellant was sentenced to pay the costs of prosecution, a lab-user fee, and undergo two years of probation supervision. On December 13, 2007, the sentence was amended to include restitution in the amount of $600.00.

On June 28, 2010, the appellant filed a Post-Conviction Relief Act petition. In the petition, the appellant seeks to have the guilty pleas and corresponding sentences previously imposed set aside so that he may proceed to trial on the charges associated with this case. He alleges that his constitutional rights were violated by prior counsel at the time of the guilty plea and sentencing, in that prior counsel "completely failed to investigate and determine and/or correctly determine the residency status of the appellant" and that this failure to investigate led to counsel's failure to advise the appellant of the possible consequences of pleading guilty regarding his immigration status. See app. PCRA, ¶14. The commonwealth filed a response to the appellant's PCRA

---

1. 35 Pa.Con.Stat.Ann. §780-113 (A)(30)
2. 18 Pa.Con.Stat.Ann. §3925
3. 75 Pa.Con.Stat.Ann. §3733

petition. In the response, the commonwealth argues that the court no longer has jurisdiction to hear the appellant's claims under the PCRA.

A hearing in this matter was held on August 20, 2010. At the hearing, the commonwealth asserted that the appellant lacked jurisdiction to proceed under the PCRA statute due to the fact that the appellant (a) was no longer incarcerated and/or under parole or probation supervision on the instant case and (b) that the PCRA was not filed within one year of the date the judgment became final. New counsel, attorney Michael Gough[4], for the appellant argued that because the appellant was now incarcerated due to the immigration issue surrounding his case, a collateral consequence of his guilty pleas, and in light of the recent decision in *Padilla v. Kentucky*, 599 U.S. ___, 130 S.Ct. 1473 (2010), he ought to be permitted to file a PCRA Petition and have it heard by this court.

At the conclusion of the PCRA hearing, the court determined that the appellant lacked jurisdiction to proceed under the PCRA due to the fact that (a) he was not currently incarcerated or under supervision and (b) the petition was filed too late. The court dismissed his PCRA petition. This appeal follows.

### SUMMARY OF THE FACTS

On January 10, 2007, Trooper James Ford of the Pennsylvania State Police was conducting a routine

___

4. Attorney Gough filed a petition for leave to withdraw as attorney of record on October 28, 2010 and said petition was granted on November 1, 2010.

patrol on Interstate 78 in Lehigh County, Pennsylvania. He observed a green 2006 KIA Sportage make an unsafe turn, almost colliding with a tractor trailer. Trooper Ford initiated a traffic stop by turning on his lights and siren and pulling behind the KIA. The operator of the KIA disregarded the visual and auditory signals and continued to travel away from the trooper. The KIA exited the highway at the intersection of I-78 and Route 100. The KIA entered the Windsor Business Complex, followed by Trooper Ford. In the business park, the appellant (the operator of the vehicle) and the passenger jumped out of the vehicle and fled. Trooper Ford called additional units and the appellant was eventually apprehended a short while later.

During the investigation, the KIA Sportage was determined to belong to Karolyn Smart and was stolen out of the state of New York. Once taken into custody, the state police received consent to search the vehicle and discovered 220 grams of marijuana under the spare tire in the trunk.

## DISCUSSION AND CONCLUSIONS OF LAW

The appellant filed a PCRA petition on June 28, 2010. In the petition, he alleges that the guilty plea and sentencing of December 6, 2007 ought to be set aside due to the fact that his previous attorney provided ineffective assistance of counsel such that his constitutional rights were violated. Specifically, the appellant accuses prior counsel of failing to investigate and determine correctly his residency status and failing to advise him of the possible consequences of pleading guilty on his immigration status. He further suggests that prior counsel failed by not

having the appellant consult with immigration counsel and that counsel failed to engage in "informed consideration of deportation consequences with the prosecution." See app. PCRA, ¶ 14.

In its response, the commonwealth argues that the court lacks jurisdiction to hear the appellant's PCRA petition. The commonwealth argues that pursuant to 42 Pa.Con. Stat. §9543 (A)(1)(i), a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime," which the appellant is not. The court has reviewed the record in the instant case and agrees that the appellant filed his PCRA petition over six (6) months after he was released from supervision. Therefore, because he has not met the terms of 42 Pa.Con.Stat. §9543 (A)(1)(i), the court has no jurisdiction in this matter.

Next, the commonwealth argues that the appellant's PCRA petition is untimely pursuant to 42 Pa.Con.Stat. §9545 (b)(1), which states that a PCRA petition "shall be filed within one year of the date the judgment becomes final" unless an exception is proven by the petitioner. It is clear that the appellant did not file his PCRA within one year of the date his sentence became final. "[T]he courts of this Commonwealth lack jurisdiction to grant PCRA relief when a PCRA petition is filed in an untimely manner." *Commonwealth v. Padden*, 783 A.2d 299, 306 (Pa.Super. 2001).

Therefore, the court must consider whether the appellant is able to prove an exception to the one-year time limit. See *Commonwealth v. Bronshtein*, 561 Pa. 611, 752 A.2d 868, 871 (Pa. 2000) (stating that it is the petitioner's burden to plead and prove that one of the exceptions applies). These

exceptions are:

i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the constitution or laws of this Commonwealth or the constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. *Id.* at (b)(1)(i-iii).

Furthermore, a petitioner is required to invoke one of these exceptions "within 60 days of the date the claim could have been presented." *Id.* at (b)(2).

While the appellant failed to address any of the time bar issues in his petition, the court does not find that he would have been able to meet any of the exceptions noted in the statute. It is apparent that the essence of his arguments espoused in the PCRA petition are claims of ineffective assistance of counsel at the time of the guilty plea and sentencing regarding the deportation consequences of entering the plea. It would appear that appellant is now proceeding under exception (iii), a constitutional right that has been recognized by the Supreme Court of the United States which has been held to apply retroactively.

It would appear from the filings and the hearing held on August 20, 2010 that the appellant is proceeding under the assumption that a new constitutional right was recently established in *Padilla v. Kentucky*, 599 U.S. ___, 130 S.Ct. 1473 (2010). In *Padilla*, the Supreme Court of the United States found that the Sixth Amendment right to counsel is violated when a defendant is not fully informed of the effect a plea of guilty may have on his immigration or deportation status. The *Padilla* decision, however, failed to determine "whether it is retroactively applicable to cases on collateral review." *United States v. Hernandez-Monreal*, U.S. Dist. WL 2400006 (E.D.Va. June. 14, 2010).

The appellant is unable to meet the burden of proceeding under this exception. At the outset, the PCRA alleging this exception was not filed within the 60 day time period established by 42 Pa.Con.Stat. §9545(b)(2). The decision in *Padilla* was made on March 31, 2010 and the PCRA petition was not filed until June 28, 2010. Furthermore, as stated above, *Padilla* failed to state that its decision was to apply retroactively. Therefore, reliance on *Padilla* to prove exception (iii) is misplaced.

The court also agrees with the commonwealth in its argument that *Padilla* did not create a *new* constitutional right; rather, the U.S. Supreme Court applied the established test for determining effective assistance of counsel outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), and determined that counsel in *Padilla* was ineffective.[5] See

5. The Commonwealth brings this court's attention to the decision issued by the Honorable William E. Ford, also of the Lehigh County bench, in *Commonwealth v. Naine*, http://opinions.lccpa.org/PDFs/OPS27/ LCCPA_op_470040097.pdf (Pa.Com.Pl. June 29, 2010). In *Naine*, the

also *People v. Bennett*, 2010 WL 2089266 (N.Y.City. Crim. Crt. 2010); *U.S. v. Guzman-Garcia*, 2010 WL 1791247 (E.D. Cal. 2010). Because no *new* constitutional right was established, the appellant is unable to meet this exception to the PCRA time limit of one year.

## CONCLUSION

It is the determination of this court that the court lacks jurisdiction to consider the PCRA filing of the above-captioned appellant. Because the appellant was not subject to incarceration or supervision as a result of the underlying case, he did not file his PCRA within the one year time limit set forth by 42 Pa.Con.Stat. §9545(b)(1), and he did not meet any of the exceptions to the time-bar, it is the determination that the appellant's PCRA petition was properly dismissed. Further, it is the opinion of this court that the instant appeal should be dismissed by the Superior Court.

## ORDER

And now, November 9, 2010, it appearing that the appellant has filed a notice of appeal in the above-captioned matter; and it further appearing that the accompanying Memorandum Opinion satisfies the requirements of *Pa.R.A.P.* 1925(a);

It is hereby ordered that the Clerk of Courts, Criminal, transmit the record in the above-captioned matter to the Superior Court forthwith.

---

court determined that *Padilla* did not establish a new constitutional right, but that the decision was the result of the US Supreme Court's application of the *Strickland* test to a "novel set of facts." *Id.* at 7.