J. S27025/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| TOMMASO SCULCO, | : | |
| | : | |
| Appellant | : | No. 967 MDA 2015 |

Appeal from the PCRA Order April 27, 2015
In the Court of Common Pleas of Berks County
Criminal Division No(s): CP-06-CR-0002481-2006

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 08, 2016**

Appellant, Tommaso Sculco, appeals *pro se* from the Order of April 27, 2015, which dismissed Appellant's second Post Conviction Relief Act ("PCRA")[1] Petition as untimely. After careful review, we affirm on the basis of the PCRA court's Opinion that holds that Appellant failed to establish that his petition falls within one of the exceptions to the timeliness requirements.

On September 6, 2007, a jury convicted Appellant of Criminal Conspiracy to Commit Criminal Homicide, two counts of Corrupt Organization, one count of Criminal Conspiracy to Commit Delivery of a Controlled Substance, and one count of Delivery or Possession with Intent to

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Manufacture or Deliver a Controlled Substance.[2] On October 22, 2007, the trial court sentenced Appellant to an aggregate term of thirty-six (36) to seventy (70) years' incarceration. N.T. Sentencing, 10/22/07, at 80-4.

On December 3, 2007, Appellant filed a Notice of Appeal and on May 1, 2009, this Court remanded the case for the limited purpose of resentencing. **See Commonwealth v. Sculco**, No. 2038 MDA 2007, unpublished memorandum (Pa. Super. filed May 1, 2009). On October 4, 2010, the trial court resentenced Appellant to an aggregate term of thirty-one to seventy years' incarceration. N.T. Resentencing, 10/4/10, at 2-10.

The PCRA court set forth the relevant factual and procedural history of this case in its July 27, 2015 Opinion and we adopt its recitation for purposes of this appeal.[3] **See** PCRA Ct. Op., dated 7/27/15, at 1-3.

Appellant raises the following issue on appeal:

Whether the [PCRA] court erred when it dismissed the appellant's PCRA Petition as untimely and without any type of review, when the appellant did indeed claim one of the time-bar exceptions under 9545(b)(1)(ii) – facts unknown and not discoverable by due diligence, as well as filed the petition within sixty (60) days of the date the claim could have been presented.

---

[2] 18 Pa.C.S. § 903(a)(1), 18 Pa.C.S. § 911(b)(3), 18 Pa.C.S. § 911(b)(4), 18 Pa.C.S. § 903(a)(1), 35 P.S. § 780-113(a)(30), respectively.

[3] We note that the PCRA court erroneously stated that on October 22, 2007, the trial court sentenced Appellant to a "total term of not less than sixteen (16) years nor more than [forty] (40) years in a state correctional facility," which is the sentenced that was imposed on Conspiracy to Commit Murder, not the total sentence. Trial Ct. Op. at 1. This error is not relevant to disposition.

Appellant's Brief at 4.

The question of whether a PCRA Petition is timely raises a question of law; this Court's standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013).

It is well settled that "[t]he filing mandates of the PCRA are jurisdictional in nature and are strictly construed." **Id.** Consequently, "[a]n untimely petition renders this Court without jurisdiction to afford relief." **Id.**

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the PCRA court, we conclude that the PCRA petition is untimely and this Court is without jurisdiction to afford relief. Accordingly, we affirm on the basis of the PCRA court Opinion, which holds that Appellant's PCRA Petition is patently untimely pursuant to 42 Pa.C.S. § 9545(b)(1), that Appellant's assertion of attorney abandonment may constitute a factual basis for the "new claim" timeliness exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii), but that Appellant failed to file this PCRA Petition within the required sixty days of the date that the Petitioner could have presented the claim pursuant to 42 Pa.C.S. § 9545(b)(2), rendering the Petition untimely. **See** PCRA Ct. Op. at 3-6.

The parties are instructed to attach a copy of the PCRA court's Opinion to all future filings.

J.S27025/16

      Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2016

COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS
                                            :   OF BERKS COUNTY, PENNSYLVANIA
                                            :   CRIMINAL DIVISION
                         v.                         :
                                            :   No. CP-06-CR-2481-06
TOMASSO SCULCO,                     :   Superior Court No. 967 MDA-2015
           Appellant               :   LUDGATE, S.J.

William Ross Stoycos, Esquire, Deputy Attorney General, for the Commonwealth
Tomasso Sculco, *pro se*

**MEMORANDUM OPINION      LUDGATE, S.J.**            **Dated: July 27th, 2015**

      Before the Court is the appeal of the dismissal of Tomasso Sculco's [Appellant] second Petition for Post-Conviction Collateral Relief, filed on December 10, 2014.

## I. FACTUAL AND PROCEDURAL BACKGROUND

      On September 6, 2007, following a jury trial, Appellant was found guilty beyond a reasonable doubt of one count of Criminal Conspiracy to Commit Murder in the First Degree, **18 Pa.C.S.A. §903(a)(1)**; two counts of Corrupt Organizations, **18 Pa.C.S.A. § 911(b)(4)**(predicate acts – on more than one occasion); one count of Criminal Conspiracy to Commit Delivery of a Controlled Substance, **18 Pa.C.S.A. § 903**; and one count of **Delivery or Possession with Intent to Manufacture or Deliver a Controlled Substance, Cocaine, 35 P.S. § 780-113(a)(30)**(at least 10 grams but less than 100 grams). On October 22, 2007, Appellant was sentenced by this Court to a total term of not less than sixteen (16) years nor more than (40) years in a state correctional facility.

      During trial and sentencing, Appellant was represented by Abby Rigdon, Esq., who also subsequently filed a post-sentence motion, which was denied on November 2, 2007. On December 3, 2007, Appellant filed a Notice of Appeal to the Pennsylvania Superior Court. On May 1, 2009, the Pennsylvania Superior Court affirmed in part and reversed in part. The judgment of sentence was vacated and the case was remanded for re-sentencing.

1

**Commonwealth v. Sculco**, Superior Court Non-precedential Decision, 2038 MDA 2007, 5/1/09. On October 4, 2010, Appellant was resentenced in accordance with the Superior Court opinion of May 1, 2009. On November 3, 2010, Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania.

On December 1, 2010, Attorney Rigdon filed a Notice of Intention to File an Anders/McClendon Brief in lieu of a Concise Statement of Matters Complained of on Appeal. On January 5, 2012, the Superior Court granted Attorney Rigdon's petition to withdraw as counsel, and affirmed Appellant's judgment of sentence. Appellant did not seek an allowance of appeal to the Pennsylvania Supreme Court.

On August 20, 2012, Appellant filed his first PCRA petition pursuant to **42 Pa.C.S.A. § 9541 et. seq.** On September 7, 2012, PCRA counsel, Lauren Marks, Esquire, was appointed. A PCRA evidentiary hearing was held before this Court on October 22, 2013. On December 10, 2013, PCRA counsel filed a brief in support of Appellant's PCRA petition. After a review of the evidence and all relevant statutes and caselaw, the relief requested in the Amended PCRA petition was denied by Opinion and Order of April 24, 2014, which we incorporate by reference.

On May 28, 2014, in lieu of an appeal to the Superior Court, PCRA counsel filed a "No Merit" letter pursuant to **Commonwealth v. Turner, 544 A.2d 927 (Pa.1988)** and **Commonwealth v. Finley, 550 A.2d 213 (Pa.Super.1988)**, and a petition to withdraw as counsel in this court. Before the request to withdraw was granted, on June 5, 2014, Appellant, *pro se*, filed an appeal to the Superior Court, also asking for new counsel to be appointed to represent him with his appeal. On July 18, 2014, the Superior Court ordered PCRA counsel for Appellant to show cause why the appeal should not be quashed as untimely. Counsel responded by again filing a "No Merit" letter and petition to withdraw. PCRA counsel did not file a

2

response to the show cause order and did not address the timeliness of the appeal. The Superior Court quashed the *pro se* appeal and dismissed counsel's petition to withdraw as moot. **Commonwealth v. Sculco, 957 MDA 2014 (Pa.Super.2014)(Order filed 8/11/14).**

On December 10, 2014, Appellant filed a second PCRA petition, asserting abandonment of PCRA counsel and asking that his appeal rights be reinstated *nunc pro tunc* and that new counsel be appointed.

## II. ANALYSIS AND LEGAL CONCLUSIONS

Appellant's second PCRA petition was filed after the effective date of the 1995 amendments to the PCRA; therefore, the jurisdictional time limits established by those amendments govern this case. **Commonwealth v. Fahy, 737 A.2d 214, 217–18 (Pa.1999).** A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in **42 Pa.C.S. § 9545(b)(1); Commonwealth v. Howard, 788 A.2d 351, 354 (Pa.2002).** "A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review." **42 Pa.C.S. § 9545(b)(3); Howard, at 353.** The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. **Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa.2010).** "[I]t is now well settled that there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." **Commonwealth v. Brown, 943 A.2d 264, 267 (Pa.2008).** "The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." **Commonwealth v. Eller, 807 A.2d 838, 845 (Pa.2002).**

3

The PCRA squarely places upon the petitioner the burden of proving that an untimely petition fits within one of the three exceptions to the one year time bar. *See* <u>Commonwealth v. Crews,</u> 863 A.2d 498, 501 (Pa.2004); <u>Commonwealth v. Bronshtein,</u> 752 A.2d 868, 871 (Pa.2002). These exceptions are:

"(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

**42 Pa.C.S. § 9545(b)(1)(i)-(iii).**

The PCRA further requires a petition invoking one of these exceptions to "be filed within 60 days of the date the claim could have been presented." **42 Pa.C.S. § 9545(b)(2).** *See* <u>Commonwealth v. Jones,</u> 54 A.3d 14, 16 - 17 (Pa.2012).

Appellant ,was sentenced on October 4, 2010. On January 5, 2012, the Superior Court affirmed Appellant's judgment of sentence. He did not seek an allowance of appeal to the Pennsylvania Supreme Court. Therefore, Appellant's judgment of sentence became final thirty days later, on February 5, 2012, at the expiration of the time to seek *allocatur* from the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a); <u>**42 Pa.C.S.A. § 9545(b)(3)**</u> (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

4

This second PCRA petition was filed on December 10, 2014. It had to be filed by February 5, 2013 to meet the initial time bar. Therefore, Appellant had to properly plead and prove that one of the three exceptions to the time bar applies.

Appellant asserted abandonment by his PCRA counsel on appeal. In **Commonwealth v. Bennett, 930 A.2d 1264 Pa.2007)**, our Supreme Court found that attorney abandonment may constitute a factual basis for the second timeliness exception, specifically, that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." **42 Pa.C.S.A. § 9545(b)(1)(ii)**. The appeal from the dismissal of **Bennett's** first, timely, PCRA petition was dismissed by the Superior Court because counsel failed to file a brief. **Id. at 1266.** Our Supreme Court held that **Bennett** sufficiently alleged that he had been abandoned by counsel on his first PCRA petition and acted with due diligence in ascertaining the fact of the abandonment to satisfy the timeliness exception of the PCRA found at section under **9545(b)(1)(ii)**. **Id. at 1272.** *See also* **Commonwealth v. Huddleston, 55 A.3d 1217, 1220 (Pa.Super.2012)**.

To assert this exception, Appellant had to file his claim within the restricted time limit of sixty days from discovery of the abandonment. This second petition would not have been dismissed as untimely if Appellant had established due diligence in discovering the alleged attorney abandonment and that his petition was "filed within 60 days of the date the claim could have been presented." **42 Pa.C.S. § 9545(b)(2).** His first petition was denied on April 24, 2014. He filed a pro se appeal on June 4, 2014, which was quashed. Appellant filed his second PCRA petition on December 10, 2014 and we gave him proper notice of our reason for a dismissal without a hearing. By his own admission, and attached to his Response to the Notice of Intent to Dismiss, Appellant showed the Court that on July 30, 2014, he was informed by PCRA

5

counsel in a letter that she was not filing an appeal on his behalf because it would be meritless. He had 60 days from that date, or until September 30, 2014 to file under the exception he asserts. Therefore, contrary to the assertion in his concise statement, Appellant's second petition is untimely and no exception to the time bar overcomes that fact because it was not timely filed.

Further, Appellant filed his Notice of Appeal on June 4, 2015. This appeal is facially untimely and should be quashed. However, this Court has not seen the cash slip submitted to the Superior Court in response to its rule to show cause order of June 26, 2015. Hence, our reason for reviewing it on the merits nonetheless.

Therefore, we respectfully request that the Superior Court affirm the Order of April 27, 2015, which dismissed Appellant's second PCRA petition, for the reasons outlined above.

By the Court:

LINDA K.M. LUDGATE, S.J.

6