J-S32005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONTAY RAYSHAW BREWER, | |
| Appellant | No. 3084 EDA 2015 |

Appeal from the PCRA Order October 2, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0009340-2009

BEFORE:  BOWES, MUNDY AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 21, 2016**

Dontay Rayshaw Brewer appeals from the October 2, 2015 order dismissing his second PCRA petition as untimely filed.  We affirm.

In January 2011, a jury convicted Appellant of corrupt organizations, conspiracy to commit corrupt organizations, six counts of delivery of a controlled substance, four counts of possession of a controlled substance, conspiracy to violate the Controlled Substance, Drug, Device, and Cosmetic Act, five counts of criminal use of a communications facility, and possession of drug paraphernalia.  Appellant was the head of a cocaine trafficking operation in Norristown.  The evidence against Appellant and his cohorts included wiretaps, videotapes, and surveillance.  Appellant was arrested in possession of 12.38 grams of cocaine, $2,500 in cash, and two cell phones.

_____
*  Retired Senior Judge assigned to the Superior Court.

Appellant was sentenced to twenty-one to sixty years imprisonment. On May 24, 2012, we affirmed Appellant's judgment of sentence, **Commonwealth v. Brewer**, 50 A.3d 250 (Pa.Super. 2012) (unpublished memorandum), and, on January 10, 2013, our Supreme Court denied review. **Commonwealth v. Brewer**, 62 A.3d 377 (Pa. 2013).

Appellant filed a timely PCRA petition; counsel was appointed and filed an amended petition. Relief was denied. Appellant appealed, claiming that his trial attorney was ineffective for failing to file a suppression motion and that his sentence, which involved application of five mandatory minimum sentences under 18 Pa.C.S. § 7508, was unconstitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (2013).[1] **Commonwealth v. Brewer**, 121 A.3d 1143 (Pa.Super. 2015) (unpublished memorandum). The **Alleyne** claim had not been included in either of Appellant's PCRA petitions.

The panel concluded that counsel was not ineffective and that the **Alleyne** contention, which pertains to the legality of a sentence, was not waived. We nevertheless ruled that it was not raised in a timely manner under 42 Pa.C.S. § 9545 because Appellant raised the **Alleyne** claim more than one year after his judgment of sentence became final. This Court

---

[1] In **Commonwealth v. Mosley**, 114 A.3d 1072 (Pa.Super. 2015), § 7508 was ruled unconstitutional under **Alleyne**. **See also Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (invalidating a procedurally identical mandatory minimum statute pursuant to **Alleyne**).

observed that § 9545 requires all PCRA claims to be raised within one year of when a defendant's judgment of sentence becomes final. We noted that Appellant's judgment of sentence became final under the PCRA on April 15, 2013, and concluded that Appellant had until April 15, 2014 to raise *Alleyne* under the PCRA. Since the *Alleyne* issue was not raised until September 16, 2014, it was held untimely. The *Brewer* Court also noted that in *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014), this Court held that an *Alleyne* issue does not fall within an exception to the PCRA's one-year time bar.

On September 14, 2015, Appellant filed a second, counseled petition again raising the position that his sentence was unconstitutional and had to be vacated under *Alleyne* and its progeny as well as presenting an assertion that trial counsel was ineffective for failing to call a defense witness. The petition was dismissed as untimely, and this appeal followed. Appellant raises these issues on appeal:

> I. Whether the second PCRA petition was timely as a result of the application of the tolling provisions identified in *Breakiron*[, 781 A.2d 94 (Pa. 2001)]?
>
> II. Whether the five mandatory minimum sentences imposed under 18 PA.C.S. [§] 7508 must be vacated because the sentences were imposed under a statute ruled unconstitutional in *Hopkins*[, 117 A.3d 247 (Pa. 2015)]?
>
> III. Whether trial counsel was constitutionally ineffective for failing to interview Craig Cole who would have claimed responsibility for the 700 grams of cocaine found at Cole's residence?

IV. Whether the court of common pleas has inherent jurisdiction to correct an illegal sentence based on an unconstitutional statute?

Appellant's brief at 6.

Initially, we note that our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa.Super. 2015). Before we proceed to the merits of Appellant's contentions, we must analyze whether Appellant's September 14, 2015 PCRA petition was timely filed as that issue implicates our jurisdiction. *Miller*, *supra*. If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Id*. at 992 (citation omitted); *see Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006).

Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). We specifically determined in Appellant's prior PCRA appeal that his judgment of sentence became final on April 15, 2013, and that he had until April 15, 2014 to file a timely PCRA petition. The September 24, 2015 petition is therefore untimely.

There are three exceptions to the one-year time bar of § 9545:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Herein, Appellant first claims that the time period for filing his second PCRA petition was tolled during the pendency of his first PCRA petition under *Commonwealth v. Breakiron*, 781 A.2d 94 (Pa. 2001). Breakiron filed a second PCRA petition which was dismissed as untimely. Our Supreme Court affirmed that holding, and nothing in the *Breakiron* decision states or implies that the time for filing a second PCRA petition is tolled by the filing of a first one. The above-quoted language in the PCRA is directly to the contrary.

The Supreme Court decision that does apply a form of tolling is *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000). Therein, the PCRA court dismissed a second petition as untimely. Lark had invoked the newly

discovered evidence exception to the one-year time bar. The evidence in question was discovered while Lark's first PCRA petition was pending and our Supreme Court held that, since Lark could not file a second PCRA petition until the first one was resolved, he had until sixty days after litigation of the first PCRA petition to file the second petition invoking the newly discovered evidence exception to the PCRA.

Herein, Appellant's claims do not involve newly discovered evidence. He was aware of his *Alleyne* claim in 2014, when it was presented in the prior PCRA appeal. As to the position that Craig Cole should have been presented as a defense witness, Appellant concedes that he told counsel about Cole at trial and counsel should have placed him on the stand. Appellant's brief at 21. Appellant therefore was aware of the witness as well as counsel's failure to present Cole during his January 2011 jury trial proceedings. The existence of Cole and of counsel's default thus are not newly discovered.

Indeed, Appellant's actual position as to Cole is that trial counsel was ineffective for failing to present him as a witness because he would have claimed ownership of drugs found in a stash house used by Appellant but owned by Cole. Claims of ineffective assistance of counsel do not overcome the one-year time bar of the PCRA. *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness

requirements of the PCRA."); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780 (Pa. 2000) (analyzing supposed newly discovered evidence claim and recognizing that it actually was a position that prior counsel was ineffective); *Commonwealth v. Bronshtein*, 752 A.2d 868 (Pa. 2000) (after-discovered evidence exception not satisfied by allegation that facts which form basis of claim were not knowable until present counsel advised defendant); *Commonwealth v. Pursell*, 749 A.2d 911 (Pa. 2000) (same). We therefore reject Appellant's position that his claim as to Cole is timely.

Appellant presents identical concepts in issues two and four. In essence, his averment is that his mandatory minimum sentences were imposed under an unconstitutional statute and must be vacated since courts retain the inherent jurisdiction to correct illegal sentences and such claims cannot be waived. Appellant is mistaken in his assertion that the courts retain jurisdiction indefinitely to correct an illegal sentence. Our Supreme Court has held specifically that, "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999); *see also Commonwealth v. Jackson*, 30 A.3d 516 (Pa.Super. 2011).

In *Miller*, *supra*, which was applied in Appellant's previous appeal, we specifically held that, since *Alleyne* has not been held to be retroactive by

either our Supreme Court or the United States Supreme Court, it does not fall within the newly-recognized-constitutional-right exception to § 9545(b)(1). *Miller*, *supra*. *Miller* ruled that the defendant's sentence, which was also unconstitutional under *Alleyne*, could not be corrected in an **untimely** PCRA petition. *Miller* is controlling herein.[2]

Having determined that the present PCRA petition was untimely, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2016

_____

[2] Indeed, *Alleyne* has yet to be held applicable retroactively to defendants whose sentences were final prior to its June 17, 2013 filing date. In *Commonwealth v. Riggle*, 119 A.3d 1058 (Pa.Super. 2015), we ruled that *Alleyne* did not apply retroactively so as to afford relief in the post-conviction setting. The question of *Alleyne's* retroactively is now pending in an *en banc* case involving a **timely** filed PCRA petition. *Commonwealth v. Ciccone*, 3114 MDA 2014.