J-S03012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BABAESU BEY, | |
| Appellant | No. 129 EDA 2017 |

Appeal from the PCRA Order Entered December 2, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0603821-1999

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 06, 2018**

Appellant, Babaesu Bey, appeals *pro se* from the post-conviction court's December 2, 2016 order denying, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts underlying Appellant's convictions are not necessary to our disposition of this appeal.  The PCRA court summarized the procedural history of Appellant's case, as follows:

> On February 13, 2004, [A]ppellant was convicted before this [c]ourt and a jury, of first[-]degree murder, attempted murder, aggravated assault, carrying a firearm without a license (VUFA), possessing an instrument of crime (PIC), and recklessly endangering another person (REAP), and [he was] sentenced to an aggregate sentence of life [imprisonment, without the

---

[*] Former Justice specially assigned to the Superior Court.

possibility of parole,] and 10-20 years['] incarceration. Appellant did not file a direct appeal, however his appellate rights were reinstated *nunc pro tunc* on June 14, 2005, after a successful PCRA petition. On September 21, 2007, the Superior Court affirmed the judgment of sentence and [A]ppellant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on April 28, 2008. [**Commonwealth v. Bey**, 938 A.2d 1108, unpublished memorandum (Pa. Super. filed Sept. 21, 2007), *appeal denied*, 948 A.2d 802 (Pa. 2008).] On October 31, 2008, [A]ppellant timely filed a first *pro se* PCRA [petition] and counsel was appointed. On December 17, 2009, PCRA counsel submitted a [**Turner/**]**Finley** letter,[1] detailing each of [A]ppellant's claims in his *pro se* PCRA petition and stating that they had been either waived or previously litigated, and that he could not find any additional meritorious claims to raise. On February 9, 2010, following review and proper notice, the [c]ourt formally dismissed [A]ppellant's PCRA petition. Dismissal was affirmed by the Superior Court on August 11, 2011[, and] [t]he petition for allowance of appeal was denied on April 10, 2012. [**Commonwealth v. Bey**, 32 A.3d 829, unpublished memorandum (Pa. Super. filed Aug. 11, 2011), *appeal denied*, 42 A.3d 290 (Pa. 2012).]

On March 18, 2016, [A]ppellant filed the instant[,] second PCRA petition claiming that his facially untimely petition was timely based upon the after[-]discovered facts/evidence exception to the PCRA timeliness requirements. Appellant asserts that on January 24, 2016, he came across an article written by an inmate in the Fall 2015 edition of *Graterfriends*, a publication of the Pennsylvania Prison Society, indicating that, on November 13, 2014, his former trial counsel had been suspended from the practice of law for two years, retroactive to February 16, 2013, for misconduct[] that occurred as a result of his several mental health concerns. Appellant claims that, because counsel was suffering from "un-disclosed [*sic*], un-diagnosed [*sic*], and un-treated [*sic*] psychiatric disorders which directly affect the cognitive and executive functioning areas of the brain, it prevented trial counsel from providing him with the

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

effective assistance of counsel envisioned by the state and federal constitutions." (Memorandum of Facts and Law in Support of PCRA Relief, pg. 2)[.] The [c]ourt reviewed the averments in the petition for relief and [A]ppellant's response to the [Pa.R.Crim.P.] 907 notice of intent to dismiss without a hearing, and determined that [A]ppellant's petition was untimely and did not properly invoke an exception to the PCRA timeliness requirements. Appellant's petition was formally dismissed on December 2, 2016. This appeal followed.

PCRA Court Opinion (PCO), 3/20/17, at 1-3 (footnotes omitted).

The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but it issued a Rule 1925(a) opinion on March 20, 2017. Herein, Appellant presents two issues for our review:

I. Did the PCRA court err in denying Appellant's post-conviction petition as untimely filed when Appellant established that his after-discovered facts claim was within the plain language of the timeliness exception set forth at 42 Pa.C.S.[] § 9545(b)(1)(ii) and section 9545(b)(2)?

II. Did the PCRA court err by denying [] [A]ppellant's request for permission to file an amended petition in order to present his claims in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading and presentation?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to

address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 4 -

Here, Appellant's judgment of sentence became final on July 27, 2008, at the expiration of the 90-day time period for seeking review with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Consequently, his present petition, filed in March of 2016, is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets the after-discovered evidence exception of section 9545(b)(1)(ii) based on his discovering the new fact "that he was represented at trial by an attorney who was suffering from several psychiatric diseases, which directly affects the cognitive and executive functioning areas of his brain…." Appellant's Brief at 11. Appellant explains that he discovered this new fact on January 24, 2016, when he "was provided an opportunity to read a 'Graterfriends' newsletter, wherein … [A]ppellant came across an article written by Mr. Eric Cathell who asserted that Attorney James S. Bruno, [Appellant's] trial counsel, had been suspended for 2 years due to numerous violations of the Rules of

Professional Conduct, violations which were directly attributed to several psychiatric disorders [from which] Mr. Bruno suffers….” *Id.* at 8. Attached to his petition, Appellant included a copy of the article, which was contained in the Fall 2015 edition of the *Graterfriends* newsletter.

In rejecting Appellant's assertion that he met the newly-discovered-fact exception of section 9545(b)(1)(ii), the PCRA court concluded that the *Graterfriends* newsletter was a public record that was available to Appellant in the fall of 2015; therefore, in the court's view, Appellant's not discovering the newsletter containing the information about Mr. Bruno until January of 2016 demonstrated a lack of due diligence by Appellant. In support of this position, the PCRA court relied on *Commonwealth v. Edmiston*, 65 A.3d 339 (Pa. 2013), in which our Supreme Court declared that “to constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record….” *Id.* at 352.

Appellant now challenges the PCRA court's application of the 'public records rule,' relying on this Court's decision in *Commonwealth v. Burton*, 121 A.3d 1063 (Pa. Super. 2015) (*en banc*) (*Burton I*). There, this Court held “that the presumption of access to information available in the public domain does not apply where the untimely PCRA petitioner is *pro se*.” *Id.* at 1073. Notably, our Supreme Court affirmed *Burton*, reiterating “that the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) *does not apply* to *pro se*

prisoner petitioners." ***Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017) (emphasis in original) (***Burton II***). Under the rationale of this Court in ***Burton I***, and our Supreme Court in ***Burton II***, we agree with Appellant that the PCRA court erred by presuming that the *Graterfriends* newsletter was 'knowable' to him, in the exercise of due diligence.

Nevertheless, we conclude that the PCRA court properly deemed Appellant's petition as untimely, based on the alternative conclusion that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." PCO at 4 (citation omitted). "Our Supreme Court has made clear that the section 9545(b)(1)(ii) exception will not apply to alleged ineffective assistance of counsel claims, even if the claims were not knowable until advised of their existence by present counsel." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1287 (Pa. Super. 2008) (citing ***Commonwealth v. Bronstein***, 752 A.2d 868 (Pa. 2000); ***Commonwealth v. Pursell***, 749 A.2d 911 (Pa. 2000); ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999)). Here, the essence of Appellant's claim is that his trial counsel must have been ineffective because of his mental health issues, and Appellant could not have discovered that ineffectiveness until he read the *Graterfriends* article detailing counsel's suspension due to those issues. We conclude that this ineffectiveness claim is the type of issue that, according to our Supreme Court, cannot satisfy the exception of section 9545(b)(1)(ii). Thus, we ascertain no error in the PCRA court's conclusion that Appellant failed to meet that timeliness exception.

In Appellant's second issue, he maintains that the PCRA court erred by "assert[ing] one reason for the dismissal of his PCRA [p]etition within its [n]otice [p]ursuant to [Rule] 907, and then later alleg[ing] a different reason for its decision to dismiss within its Pa.R.A.P. 1925(a) [o]pinion." Appellant's Brief at 18. More specifically, Appellant claims that in the Rule 907 notice, the PCRA court stated that his petition was untimely and that he failed to satisfy any timeliness exception; however, in the court's subsequent Rule 1925(a) opinion, it applied the 'public records rule' to conclude that Appellant had failed to act with due diligence in raising his newly-discovered-fact claim. *Id.* Appellant contends that this change in decision "deprived [him] of the opportunity to present his claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation, as contemplated by Pa.R.Crim.P. 905, [and] also denied [Appellant] the opportunity to alert the PCRA court to its erroneous application of the 'public records rule' in this case and to likewise clarify the PCRA [c]ourt's misunderstanding of the 'newly discovered fact' that was being asserted by [Appellant]." *Id.*

Appellant's argument is unconvincing. As the Commonwealth avers,

[i]n its notice, the court informed [Appellant] that his claim to have discovered evidence regarding prior counsel's mental health did not satisfy the requirements for a time-bar exception. This was the same ground set forth in the court's opinion. That the court expounded upon its reasoning in its opinion is neither remarkable nor improper.

Commonwealth's Brief at 14. We agree with the Commonwealth. Additionally, we note that even if Appellant had raised, in response to the court's Rule 907 notice, his correct argument that the 'public records rule' is inapplicable, and further clarified the nature of his claim, we would still see no error in the PCRA court's denial of his petition. Again, the exception of section 9545(b)(1)(ii) cannot be satisfied with an ineffective-assistance-of-counsel claim, such as that raised by Appellant herein.

Order affirmed.

Judge Panella joins the memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/18