J-S23026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OMAR EDWARDS | |
| Appellant | No. 2657 EDA 2015 |

Appeal from the PCRA Order August 14, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0209372-1995

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                              **FILED JUNE 09, 2016**

Omar Edwards appeals, *pro se*, from the order entered in the Philadelphia County Court of Common Pleas, dated August 14, 2015, dismissing his third petition filed under the Post-Conviction Relief Act ("PCRA.")[1]  Edwards seeks relief from the judgment of sentence imposed on January 27, 1997, following his convictions of first-degree murder, criminal conspiracy, and possession of an instrument of crime ("PIC").[2]  Because we agree the petition is untimely, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(a), 903(a)(1), and 907(a), respectively.

Edwards' conviction arose out of a drive-by shooting on October 28, 1994, when Edwards shot at several men and killed Demetrius Hawkins. On June 13, 1996, a jury found Edwards guilty of the above-mentioned crimes.[3] On January 27, 1997, the court sentenced Edwards to life imprisonment for the murder conviction. The court did not impose further penalties on the other charges. Edwards filed a direct appeal in February of 1997. A panel of this Court dismissed the appeal on January 8, 1998, due to the failure to file a brief. Edwards did not seek allowance of appeal in the Supreme Court of Pennsylvania.

Edwards filed his first PCRA petition on October 7, 1998. Counsel was appointed, and a "no merit" letter pursuant to **Turner**/**Finley**[4] was submitted. After review, the PCRA court dismissed Edwards' petition on July 13, 1999. A panel of this Court affirmed the order on September 11, 2000, and the Pennsylvania Supreme Court denied the petition for allowance of appeal on February 6, 2001. **See Commonwealth v. Edwards**, 766 A.2d 885 (Pa. Super. 2000), *appeal denied*, 771 A.2d 1279 (Pa. 2001).

On January 30, 2002, Edwards filed his second PCRA petition. That petition was dismissed on May 30, 2002. On March 20, 2003, this Court again affirmed the dismissal. **See Commonwealth v. Edwards**, 823 A.2d

---

[3] Edwards' initial trial resulted in a hung jury on the murder charge.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

1024 (Pa. Super. 2003). Edwards did not seek further review in the Pennsylvania Supreme Court.

Based on the docket, the matter went dormant until Edwards filed the present, *pro se* petition on February 26, 2015, in which he asserted an after-discovered evidence exception to the timeliness requirement. After reviewing the matter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without first conducting an evidentiary hearing on July 1, 2015. Specifically, the court found the petition was untimely filed and did not properly invoke an exception to the timeliness provisions of the PCRA,[5] and therefore, it did not have jurisdiction to review the matter. Edwards filed a response to the Rule 907 notice on July 16, 2015. Nevertheless, on August 14, 2015, the PCRA court denied Edwards' petition. This appeal followed.[6]

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d

---

[5] **See** 42 Pa.C.S. 9545(b)(i-iii).

[6] The PCRA court did not order Edwards to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). Nevertheless, on November 9, 2015, the court issued an opinion under Pa.R.A.P. 1925(a).

- 3 -

1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id**.

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Edwards' judgment of sentence became final 30 days after January 8, 1998, on February 9, 1998,[7] when the time period within which to file a petition for allowance of appeal expired. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. Moreover, pursuant to Section 9545(b)(1), Edwards had one year from the date his judgment of sentence became final to file a PCRA petition. **See Taylor**, **supra**. The instant petition was not submitted until February 26, 2015, approximately 17 years later, making it patently untimely.

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

_____

[7] The 30th day, February 7, 1998, fell on a Saturday.

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Moreover, we are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005). It merits mention that Edwards' brief is disjointed and lacking at various points.

Nevertheless, a review of the brief reveals that he raises the following arguments on appeal: (1) trial counsel was ineffective;[8] (2) Edwards received an affidavit, dated July 9, 2007, from a trial witness, David Dickerson, concerning "newly discovered evidence" that Dickerson never saw

---

[8] **See** Edwards' Brief at 1, 5-6, 9.

Edwards with a gun on the night of the shooting, he lied on the stand, and Edwards did not kill the victim;[9] and (3) judicial error and double jeopardy.[10]

With respect to Edwards' first issue regarding ineffective assistance, we are guided by the following:

> Our Supreme Court has made clear that the section 9545(b)(1)(ii) exception will not apply to alleged ineffective assistance of counsel claims, even if the claims were not knowable until advised of their existence by present counsel. *See Commonwealth v. Bronshtein*, 561 Pa. 611, 752 A.2d 868 (Pa. 2000); *Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911 (Pa. 2000); *see also* [*Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999);] (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on merits).

*Commonwealth v. Perrin*, 947 A.2d 1284, 1287 (Pa. Super. 2008). Accordingly, Edwards' ineffective claim does not qualify under any of the three enumerated exceptions to the timeliness requirement. Moreover, we note Edwards did not raise this claim in his PCRA petition. It was well settled that "an issue is waived where it was not presented in the original or amended PCRA petition below." *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006). Therefore, Edwards also waived the claim.

With respect to Edwards' "newly discovered evidence" argument, we note that he did not file the present petition within 60 days of the date that his claim could have been presented. As pointed out by the PCRA court:

---

[9] *Id.* at 2-4.

[10] *Id.* at 10-11.

In the instant petition, since the affidavit was dated July 9, 2007, [Edwards] was in receipt of this information for the past 8 years, which is well past the 60 days deadline. In fact, a review of the record reveals that [Edwards] was aware of Mr. Dickerson's testimony as far back as [the] January 30, 2002 petition[.] [Edwards] wrote in his Memorandum of Law, "Prior to trial, an investigator went out conducting an investigation for the defense, whereupon, the Commonwealth's witness Mr. Dickerson informed the investigating officer, 'that, it wasn't [Edwards], who allegedly shot and killed the decedent Mr. Demetrius Hawkins.'" Therefore, the information provided by Mr. Dickerson was previously known information that could have and should have been raised earlier. This petition was patently untimely and [Edwards] has failed to state how he acted with due diligence to timely present this claim.

PCRA Court Opinion, 11/9/2015, at unnumbered 3-4. As such, we find Edwards fails to invoke the exception pursuant to Section 9545(b)(1)(ii), for after-discovered facts, to excuse his untimely petition.

Lastly, with Edwards' allegations of judicial error and double jeopardy, we conclude these arguments are waived for failure to raise them on direct appeal. *See* 42 Pa.C.S. § 9544(b) (An allegation is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding."). Moreover, Edwards also failed to set forth these claims in his PCRA petition. *See Jones*, *supra*.

Accordingly, there is no dispute that Edwards filed his third PCRA petition more than one year after his judgment of sentence became final. Based on the aforementioned, we conclude Edwards failed to satisfy his burden of pleading and proving the applicability of one of the after-

discovered evidence exceptions to the PCRA's timeliness requirement. Therefore, we affirm the PCRA court's order dismissing Edwards' PCRA petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2016