J-S74015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY JOHNSON :
:
Appellant : No. 3443 EDA 2016

Appeal from the PCRA Order October 26, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0203601-2001

BEFORE: BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 29, 2017**

Anthony Johnson appeals from the October 26, 2016 order denying him PCRA relief. We affirm.

On August 17, 2001, a jury convicted Appellant of rape, involuntary deviate sexual intercourse, robbery, aggravated assault, and aggravated indecent assault. The convictions were based upon the following events. On the evening of November 6, 2000, victim A.M. exited the trolley in Philadelphia after work and began walking home. Appellant approached her on Windsor Avenue, placed his hands over her mouth, and dragged her into an alley. Appellant demanded money, and became agitated when the victim said that she had none.

Appellant searched a gym bag that A.M. was carrying, stole her cell phone, and pushed her further into the alley. When the victim screamed, Appellant beat her until she was nearly unconscious. Appellant then

penetrated A.M.'s vagina and anus with his penis, and inserted his penis into her mouth and ejaculated. After Appellant fled, the victim spat the semen from her mouth into a shirt from her gym bag. The victim went home, and her husband immediately took her to the hospital, where the shirt with the semen was given to police. Police were informed that A.M.'s assailant had taken her cell phone, and they began to monitor its use. The day after the crime, the phone was used twice to contact Franklin Harris, who told police that Appellant had called him from the phone in question.

Harris took the police to Appellant, who insisted that he borrowed the cell phone from Robert Green while they were riding a trolley. Appellant agreed to have blood drawn for DNA testing. Police tracked down Mr. Green and ascertained that he was incarcerated on the day that Appellant purportedly borrowed A.M.'s cell phone from Mr. Green. Appellant's DNA matched the DNA from the semen found on the victim's shirt.

After the jury convicted Appellant, he was sentenced on December 14, 2001, to twenty-five to fifty years imprisonment. Appellant's first appeal was dismissed due to counsel's failure to file a brief, but his appellate rights were reinstated pursuant to a timely PCRA petition.[1] On August 26, 2004,

_____

[1] Since this first petition resulted in reinstatement of Appellant's right to file a direct appeal, it is not considered a PCRA petition. *Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa.Super. 2013) ("when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes").

we affirmed Appellant's judgment of sentence, **Commonwealth v. Johnson**, 860 A.2d 1129 (Pa.Super. 2004) (unpublished memorandum), and our Supreme Court denied allowance of appeal on March 31, 2005, **Commonwealth v. Johnson**, 871 A.2d 189 (Pa. 2005). Appellant filed a timely *pro se* PCRA petition on May 2, 2005, counsel was appointed, and the petition was denied. Appellant did not file an appeal from the denial of his first request for post-conviction relief.

Appellant filed his second PCRA petition on January 12, 2009, and that request for relief was dismissed as untimely filed. While no appeal was filed from dismissal of that petition, Appellant filed a third request for post-conviction relief on September 16, 2010. Counsel was appointed and thereafter moved to withdraw. Said request was granted, and relief was denied. Appellant filed his fourth request for PCRA relief on July 10, 2014. That petition was dismissed as untimely, and, on appeal, we affirmed. **Commonwealth v. Johnson**, 131 A.3d 81 (Pa.Super. 2015) (unpublished memorandum). Therein, we confirmed that the September 16, 2010 petition was untimely, ruled that Appellant's judgment of sentence became final for purposes of the PCRA on June 29, 2005, and noted that he until June 29, 2006, to file a timely petition.

The present PCRA petition was filed on May 23, 2016, and it was dismissed as untimely filed. This appeal followed. Appellant presents these claims on appeal:

[1.] Did or did not, the prosecutor commit a **Brady** violation by suppressing exculpatory facts of material evidence that related directly to the overall credibility of his key witness, that was critical to a determination of petitioner[']s guilt or innocence, a violation of the **Brady** strictures as cited by the United States Supreme Court in **Brady v. Maryland**?

[2.] Did or did not, the prosecutor commit a **Brady** violation by suppressing exculpatory facts of material evidence that related directly to the overall credibility of his key witness, that was critical to a determination of petitioner[']s guilt or innocence, a violation of the **Brady** strictures as cited by the United States Supreme Court in **Brady v. Maryland**?

[3.] Was or was not, petitioner deprived of his sixth amendment right by trial counsel's failure to investigate and obtain forensic and identification test results, of material evidence that could have exonerated petitioner before trial, constitute defective representation?

[4.] Was or was not, petitioner deprived of his sixth amendment right by trial counsel's failure to request forensic DNA testing of material evidence, that could have exonerated petitioner, constitute defective represe[n]tation?

[5.] Was or was not, petitioner deprived of his sixth amendment right by trial counsel's failure to investigate material evidence, that could have exonerated petitioner, constitute defective representation?

[6.] Did or did not, the PCRA court abuse it's [sic] discretion in dismissing petitioner[']s May 23, 2016, *pro-se*, PCRA petition, as untimely, by failing to appoint counsel to determine whether any of the statutory exception to the (1) year filing period applied to petitioner[']s May 23, 2016, *pro-se*, pursuant to Pa.R.Crim.P. Rule 904?

Appellant's brief at E-F.

Appellant's claims are repetitive and can be summarized as follows: 1) the Commonwealth committed a **Brady** violation when it failed to inform him that semen discovered in the victim's throat was tested but the results were

inconclusive; 2) the Commonwealth committed a *Brady* violation by not revealing to him that blood was discovered on the same shirt that the victim used to collect his semen; 3) trial counsel was ineffective for permitting the jury to hear that semen was found in the victim's throat when DNA testing of that semen was inclusive; 4) trial counsel was ineffective for failing to obtain DNA testing of the blood on the shirt that also contained Appellant's semen; and 5) counsel should have been appointed for purposes of litigating the present PCRA petition in order to establish that it was timely filed.

This Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa.Super. 2016) (quoting *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015)). It is now settled law that all PCRA petitions must be filed within one year of the date a defendant's judgment of sentence becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted); *see also Commonwealth v. Spotz*, ___ A.3d (Pa. CAP 731 and 734 filed October 18, 2017); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). The PCRA's time constraints are not subject to tolling or other equitable considerations. *Spotz*, *supra*.

There are three enumerated exceptions to this one-year time requirement: (1) interference by government officials in the presentation of

the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i-iii). The PCRA petitioner has the burden of pleading and proving the existence of any exception invoked. *Spotz*, *supra*. Moreover, the PCRA petition must be filed within sixty days of when the claim first could have been presented. 42 Pa.C.S. § 9545 (b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.").

We previously observed that Appellant's judgment of sentence became final for purposes of the PCRA on June 29, 2005, and that he had until June 29, 2006, to file a timely petition. The present petition is patently untimely. In support of an exception, Appellant first raises the specter of violations of *Brady v. Maryland*, 373 U.S. 83 (1963), with respect to the blood found on the shirt and the semen from the victim's throat that proved inclusive when tested. "Under *Brady,* the prosecution's failure to divulge exculpatory evidence is a violation of a defendant's Fourteenth Amendment due process rights. To establish a *Brady* violation, a defendant is required to demonstrate that exculpatory or impeaching evidence, favorable to the defense, was suppressed by the prosecution, to the prejudice of the defendant." *Commonwealth v. Cam Ly*, 980 A.2d 61, 75 (Pa. 2009) (citation omitted).

Our Supreme Court has articulated: "Although a *Brady* violation may fall within the governmental interference exception [to the one-year time bar], the petitioner must plead and prove the failure to previously raise the

claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). Due diligence "demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015). Accordingly, the PCRA petitioner must explain why he could not have learned of the existence of information in question earlier by simple investigation. *Id*.

In support of his purported *Brady* violations, Appellant presents police laboratory reports dated November 13, 2000, and March 21, 2001, and two property receipts from November 6, 2000. Appellant's brief at Exhibits 1-4. Appellant makes no attempt to establish why he could not have uncovered these documents much earlier, and he did not plead sufficient facts to establish that he could not have learned about the supposedly exculpatory evidence years ago through simple investigation. Hence, the PCRA court did not abuse its discretion in concluding that Appellant did not exercise due diligence and could not invoke a *Brady* violation by means of the governmental interference exception.

Appellant also levels three allegations of ineffective assistance of counsel in his statement of questions involved in this appeal. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton,* 886 A.2d 1120, 1127 (Pa. 2005). *Wharton* is merely a more

recent iteration of this well-ensconced principle. ***Commonwealth v. Abu–Jamal***, 833 A.2d 719 (Pa. 2003). ***Commonwealth v. Gamboa–Taylor***, 753 A.2d 780 (Pa. 2000); ***Commonwealth v. Bronshtein***, 752 A.2d 868 (Pa. 2000); ***Commonwealth v. Lark***, 746 A.2d 585 (Pa. 2000); ***Commonwealth v. Pollard***, 911 A.2d 1005 (Pa.Super. 2006). Accordingly, Appellant's third, fourth, and fifth claims do not satisfy an exception to the one-year time bar.

Finally, Appellant argues that he should have received the appointment of counsel for purposes of establishing that an exception applied herein. Pa.R.Crim.P. 904 provides for the automatic appointment of counsel for purposes of a first PCRA petition. Pa.R.Crim.P. 904(C) ("when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). However, when a second or subsequent PCRA petition is filed, an indigent defendant is entitled to appointed counsel only if "an evidentiary hearing is required as provided in Rule 908[.]" Pa.R.Crim.P. 904(D). A hearing is required if the petition "raises material issues of fact." Pa.R.Crim.P. 908(2).

In the present case, there is no issue of material fact that Appellant did not meet an exception to the one-year time bar. He failed to exercise due diligence in ascertaining that there was blood on the shirt where his semen was found and in discovering that the testing on the semen found in

the victim's throat was inconclusive. Additionally, claims of ineffective assistance of counsel do not meet any of the exceptions. Hence, there is no issue of fact that this PCRA petition was untimely. The PCRA court therefore did not have to appoint counsel.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: 12/29/2017