J-A07042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : : | |
| v. | : : : | |
| | : | |
| ROBERT DA-JUAN GAINES | : : | |
| | : | No. 1430 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order August 21, 2017
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001303-2009

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 25, 2018**

Appellant, Robert Da-Juan Gaines, appeals from the order entered in the Court of Common Pleas of Franklin County dismissing his second petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546, as untimely.   Specifically, Appellant contends that his petition qualified for a "newly discovered facts" exception to the PCRA's one-year time bar.   We affirm.

The PCRA court aptly provides the pertinent facts and procedural history of the case *sub judice*, as follows:

> The following factual and procedural history has been extracted from the Superior Court's Opinion from [***Commonwealth v. Gaines***, 127 A.3d 15 (Pa.Super. 2015)]:
>
> > On September 8, 2009, the Commonwealth filed an information charging Appellant with two counts each of unlawful delivery of a controlled substance, criminal

_____

\*   Former Justice specially assigned to the Superior Court.

conspiracy, and criminal use of a communication facility. On October 11, 2010, Appellant proceeded to a jury trial, at the conclusion of which the jury found Appellant guilty of all counts except for one count of unlawful delivery of a controlled substance. On November 17, 2010, the trial court imposed an aggregate sentence of 102 to 360 months' imprisonment. On December 17, 2010, Appellant filed a timely notice of appeal to [the Superior] Court. [The Superior] Court affirmed the judgment of sentence on August 15, 2011. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On September 14, 2012, Appellant filed a timely, counseled PCRA petition. Among the claims therein, Appellant argued that "[his c]ounsel failed to bring to the attention of the [s]entencing [c]ourt the miscalculation of [his prior record score], leading to a standard range sentence that did not accurately reflect a proper calculation of his prior record." The Commonwealth filed its answer on October 8, 2012. On April 12, 2013, the PCRA court entered an order scheduling resentencing in accordance with a stipulation between Appellant and the Commonwealth that Appellant's original sentence was based on an improperly calculated prior record score. On April 25, 2013, Appellant filed a petition to amend his PCRA petition, which the PCRA court granted on May 1, 2013. Appellant filed an amended PCRA petition on May 21, 2013. The PCRA court conducted a hearing on June 19, 2013. On July 15, 2013, the PCRA court entered an order denying Appellant's request for PCRA relief. . . . On July 17, 2013, the trial court resentenced Appellant to an aggregate term of 64 to 156 months' imprisonment with credit for time served. On July 29, 2013, Appellant filed a motion to modify sentence, which was granted the next day to include that Appellant was RRRI eligible. On August 19, 2013, Appellant filed a notice of appeal.

On July 14, 2014, [the Superior Court] filed an unpublished memorandum quashing Appellant's appeal as untimely. Appellant filed a timely petition

for reargument *en banc* on July 23, 2014. On September 22, 2014, [the Superior Court] entered an order granting Appellant's petition for reargument *en banc*. Both Appellant and the Commonwealth filed substituted briefs; however, neither addressed the issue the original panel found dispositive, *i.e.*, whether the untimeliness of Appellant's notice of appeal divested [the Superior Court] of jurisdiction to consider Appellant's claims. Therefore, on April 21, 2015, [the Superior Court] entered an order directing the parties to file supplemental briefs addressing the jurisdictional issue, with which both parties complied.

[**Gaines**, 127 A.3d at 15-17 (internal citations omitted)]. The Superior Court held that Appellant's Notice of Appeal of [the PCRA] court's July 13, 2013 Order and Opinion denying Appellant's Petition for Post-Conviction Collateral Relief was untimely and was therefore quashed.

Appellant filed the present PCRA petition on August 10, 2016, claiming ineffective assistance of PCRA counsel for failing to file a timely Notice of Appeal of [the PCRA] court's July 13, 2013 Order and Opinion…. On August 17, 2016, the Honorable Judge Angela R. Krom appointed Matthew A. Sembach to represent Appellant and granted Appellant thirty (30) days to file an Amended PCRA Petition.

. . .

[Eventually, after several motions for extensions of time and a hearing on counsel's motion to withdraw], Attorney Sembach filed an Amended PCRA Petition on April 4, 2017. On April 4, 2017, the [PCRA] court ordered the Commonwealth to file a response and scheduled a PCRA hearing, which took place on June 1, 2017.

PCRA Court Opinion, filed 8/21/17, at 1-3.

In its Order and Opinion of August 21, 2017, the PCRA court determined that it had no jurisdiction to address the merits of Appellant's facially untimely second PCRA petition. In so concluding, the court rejected the contention that first PCRA counsel's failure to file a timely Notice of Appeal from the PCRA

court's order dismissing his first PCRA petition constituted a "newly-discovered fact" exception for PCRA timeliness purposes under 42 Pa.C.S.A. 9545(b)(1)(ii), *infra*. This timely appeal followed.

Appellant presents the following question for our review:

**DID THE [PCRA] COURT ERR IN DENYING APPELLANT'S *AMENDED MOTION FOR POST CONVICTION RELIEF* WHERE HIS COUNSEL OF RECORD (GEOFF McINROY) ABANDONED HIM BY:**

**A:   FAILING TO FILE A TIMELY [APPEAL FROM] THE JULY 15, 2013 ORDER DENYING HIS [FIRST] PCRA PETITION;[1]**

**B:   CONTINUING APPELLATE LITIGATION THROUGH NOVEMBER OF 2015 DESPITE HAVING KNOWINGLY FILED AN UNTIMELY APPEAL; AND**

**C:   FAILING TO ENSURE THE FILING OF AN APPROPRIATE PETITION UNDER THE POST CONVICTION RELIEF ACT ON BEHALF OF THE APPELLANT FOR THE PURPOSE OF REQUESTING RELIEF RELATING TO THE UNTIMELY FILING OF APPELLANT'S [APPEAL FROM THE DENIAL OF HIS FIRST PCRA PETITION] AT ANY POINT BETWEEN AUGUST 19, 2013 (THE DATE OF COUNSEL'S UNTIMELY [FIRST PCRA] APPEAL FILING) AND WITHIN A PROPER TIME AFTER THE SUPERIOR COURT'S DECISION ISSUED NOVEMBER 5, 2015?**

Appellant's brief, at 8.

Our standard of review of the dismissal of a PCRA petition is as follows:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those

findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). A PCRA court is precluded from reaching the merits of an untimely petition. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). An appellant has thirty days after a decision of this Court to request review by the Supreme Court of Pennsylvania. Pa.R.A.P. 1113. "[A]ll requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA." ***Commonwealth v. Fairiror,*** 809 A.2d 396, 397 (Pa.Super. 2002) (emphasis added), appeal denied, 827 A.2d 429 (Pa. 2003).

Exceptions to the timeliness requirements apply when the petition alleges and the petitioner proves one of the following:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

A PCRA petition invoking one of these statutory exceptions "must be filed within sixty days of the date the claim could first have been presented." *Hernandez*, 79 A.3d at 651–52; *see also* 42 Pa.C.S. § 9545(b)(2). Asserted exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007), *appeal denied*, 959 A.2d 927 (Pa. 2008).

Here, the PCRA court determined that the instant PCRA petition was untimely where Appellant filed it more than one year after his judgment of sentence became final and where no time-bar exception applied. Appellant first responds by claiming his patently untimely petition qualifies for a Section 9545(b)(1)(ii) timeliness exception because he pled and proved that prior PCRA counsel effectively abandoned him by filing an untimely appeal from the PCRA court's order dismissing his first PCRA petition.

Specifically, Appellant argues the facts of his case come squarely under the Pennsylvania Supreme Court's decision in **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), which recognized a Section 9545(b)(1)(ii) exception may arise from abandonment by counsel. As we have previously observed:

> In **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264 (2007), counsel failed to file an appellate brief on appeal from the denial of appellant's first PCRA petition, and as a result the appeal was dismissed. Our Supreme Court determined that counsel's failure to perfect appellant's appeal constituted abandonment by counsel and could serve as a newly discovered fact for purposes of section 9545(b)(1)(ii) (newly discovered facts exception). In so holding, the Court distinguished Bennett's claim of counsel's abandonment from those claims of ineffectiveness that simply "narrowed the ambit of appellate review," and could not fall within the purview of section 9545(b)(1)(ii). **See Gamboa–Taylor**, 753 A.2d at 785–86 (holding claim that PCRA counsel's ineffectiveness was after-discovered fact will not establish jurisdiction under section 9545(b)(1)(ii)); **Commonwealth v. Bronshtein**, 561 Pa. 611, 752 A.2d 868 (2000) (couching claim in terms of ineffective assistance of prior counsel does not establish section 9545(b)(1)(ii) exception to PCRA one-year time limitation, which exception allows untimely claims when facts were unknown); **Commonwealth v. Pursell**, 561 Pa. 214, 749 A.2d 911, 916 (2000). Ultimately, the Court remanded the matter for a hearing where appellant could prove, under section 9545(b)(1)(ii), that counsel's failure was unknown to the petitioner and could not have been discovered through the use of due diligence.

**Commonwealth v. Williamson**, 21 A.3d 236, 241–42 (Pa.Super. 2011).

We agree that **Bennett** applies to the facts before us, as counsel's failure to file a timely PCRA appeal with this Court did not merely narrow the scope of claims for review but altogether denied Appellant review of the PCRA court's dismissal of his timely-filed first PCRA petition. **See Williamson**, 21

- 7 -

A.3d at 242 (holding counsel's failure to file a timely petition for allowance of appeal was a newly-discovered fact for purposes of section 9545(b)(1)(ii)).

Our inquiry does not end here, as we must next determine whether Appellant complied with § 9545(b)(2) and its requirement that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." Facially, Appellant has not satisfied this requirement, as he filed his second petition nine months after the date he could have presented the claim.

Specifically, Appellant concedes in his second PCRA petition that he learned of this Court's *en banc* decision quashing his first PCRA appeal as untimely from his correspondence with counsel on or about the November 5, 2015, filing date of the decision.[1] It was also at this time that counsel advised Appellant to file, either *pro se* or through new counsel, a second PCRA petition alleging counsel's ineffective failure to file a timely first PCRA appeal. **See** Second Petition for PCRA Relief, filed 8/10/16. Appellant eventually filed his second petition on August 10, 2016, well after the 60-day time frame expressed in section 9545(b)(2) had run.

Appellant maintains, however, that he missed the 60-day deadline because counsel misled him to believe he had until December 5, 2016,[2] to file

---

[1] The parties stipulate that counsel advised Appellant of the Superior Court's *en banc* decision on or about the November 5, 2015, date of the decision.

a second PCRA petition challenging counsel's failure to file a timely first PCRA appeal. Given the facts of the present case, Appellant may gain no relief from this position.

The record shows counsel advised Appellant at the time of the *en banc* decision to file a second PCRA petition either *pro se* or through new counsel, but Appellant resisted this advice, choosing instead to make repeated calls to counsel requesting that he remain his attorney. Counsel's June 3, 2016, letter to Appellant formally reiterating that he could not assert his own ineffectiveness and that Appellant must file *pro se* or through new counsel the ineffectiveness claim in a new PCRA petition confirms Appellant had delayed initiating action necessary to file a second PCRA petition for approximately seven months.

Indeed, counsel clearly indicated that it would be up to Appellant to file a timely second PCRA petition without counsel's assistance. While counsel misstated the deadline for doing so, he did not prevent Appellant from ascertaining the applicable PCRA deadline himself or through new counsel. Appellant maintains his failure to file a second PCRA petition within 60 days resulted from counsel's erroneous advice, but the fact is that counsel was

---

[2] Presumably, counsel mistakenly believed that Appellant could timely file a new PCRA petition one year from the date on which his time to appeal this Court's *en banc* decision to the Pennsylvania Supreme Court would expire.

effectively withdrawing from representation at that moment,[3] and Appellant refused to heed counsel's advice to proceed without him.

This Court has previously deemed the requirements of section 9545(b)(2) unsatisfied under very similar facts. In **Williamson**, counsel working on the petitioner's first collateral appeal filed a petition for allowance of appeal ("PAA"), which the Supreme Court of Pennsylvania denied as untimely. Counsel cited his own ineffectiveness in a second PCRA petition seeking permission to file a petition for allowance of appeal *nunc pro tunc*. The PCRA court allowed counsel to withdraw representation and appointed new counsel, whom it charged with presenting facts showing the petitioner had filed the second counseled PCRA petition seeking *nunc pro tunc* relief within 60 days of learning of first counsel's ineffectiveness.

Based on the evidence presented, the PCRA court determined the petitioner learned of first counsel's late filing of the PAA in January of 2009 and was advised at that time to file a second *pro se* PCRA petition asserting counsel's ineffectiveness. The petitioner chose, instead, to keep working with first counsel, who filed the second PCRA petition on petitioner's behalf on December of 2009. The PCRA court, therefore, determined the petitioner's counseled second PCRA petition seeking to raise a section 9545(b)(1)(ii) exception had not been filed within 60 days as required by section 9545(b)(2).

_____

[3] It does not appear that first PCRA counsel withdrew from representation prematurely, as Appellant does not allege he requested counsel to file a petition for allowance of appeal from this Court's November 5, 2015, *en banc* decision.

- 10 -

On appeal, we affirmed, holding the petitioner was responsible to file his section 9545(b)(1)(ii) claim within 60 days of being advised by counsel that *he* needed to file the second PCRA petition. Although we acknowledged the petitioner's equitable arguments pertaining to counsel's ultimate decision to keep working with him only to fail to meet the 60-day deadline, we noted the "Supreme Court has clearly established that there are no equitable exceptions to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Id.*, at 243 n.7.

Here, as in ***Williamson***, we decline to find that counsel's arguable contribution to Appellant's failure to file his section 9545(b)(1)(ii) claim within 60 days qualifies as an exception to the one-year time bar, where counsel clearly placed the onus upon Appellant, himself, to file a second PCRA petition in a timely manner. Accordingly, we discern no error with the PCRA court's conclusion that it lacked jurisdiction to address Appellant's claims on the merits.

Order affirmed.

Judge Panella joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/25/18