J-S26022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY HAYES | : | |
| | : | |
| Appellant | : | No. 1381 MDA 2020 |

Appeal from the PCRA Order Entered October 8, 2020
In the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0002720-2010

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                     **FILED: SEPTEMBER 17, 2021**

Gary Hayes (Appellant) appeals *pro se* from the order dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

We previously stated:

On May 9, 2011, Appellant pled guilty to third-degree murder.[1] Appellant's plea was pursuant to a negotiated plea agreement, under which he received a sentence of 15 to 36 years' imprisonment.  Appellant did not file post-sentence motions or a direct appeal.

> [1] 18 Pa.C.S.A. § 2502(c).

On January 5, 2012, Appellant filed a timely *pro se* PCRA petition.  Counsel was appointed, an amended petition was filed, and an evidentiary hearing was held.  On December 18, 2012, the PCRA court denied Appellant's PCRA petition.  Appellant filed a timely notice of appeal.  The [PCRA] court did not order Appellant to file a statement pursuant to Pa.R.A.P.1925, and none was filed.

*Commonwealth v. Hayes*, 2013 WL 11255590, at *1 (Pa. Super. Sep. 27, 2013) (unpublished memorandum), *appeal denied*, 87 A.3d 394 (Pa. 2014).

On September 27, 2013, this Court affirmed the denial of PCRA relief, and on January 15, 2014, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. On May 18, 2014, Appellant *pro se* filed a petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. That petition was denied on March 12, 2015. *Hayes v. Wetzel*, 2015 WL 1073315 (E.D.Pa. Mar. 12, 2015).

On November 22, 2019, Appellant *pro se* filed the instant PCRA petition. Although it was Appellant's second PCRA petition, the court appointed counsel. Also, despite being represented, Appellant filed a *pro se* amended PCRA petition on August 3, 2020. On August 12, 2020, counsel filed a motion to withdraw and a **Turner/Finley** no merit letter.[1] On August 17, 2020, the PCRA court permitted counsel to withdraw and provided Rule 907 notice of its intent to dismiss the petition without an evidentiary hearing. On August 31, 2020, Appellant filed a response. On October 8, 2020, the court dismissed the petition as untimely. Appellant filed this appeal.[2]

_____

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The PCRA court directed Appellant to file a Rule 1925(b) statement. **See** Order, 10/25/20. However, we are unable to determine if Appellant did so because the record does not include docket entries or a 1925(b) statement. The PCRA court does not address this issue in its opinion, in which it relies on
*(Footnote Continued Next Page)*

Appellant states his issues as follows:

A.    Whether Post-Conviction Counsel failed to investigate Appellant's "after-discovered evidence exception" claim, thereby having provided ineffective representation that resulted in abandonment under the "time-bar" provision at 42 Pa.C.S.A. § 9545(b)(1)(ii)?

B.    Whether the PCRA Court violated Appellant's "Due Process" and "Equal Protection of Laws" protections as afforded by Article 1, Section 9 of the Pennsylvania Constitution and Fourteenth Amendment of the United States Constitution?

C.    Whether initial Post-Conviction and Trial Counsels [provided] deficient assistance of representation, by failure to raise "ineffective assistance of counsel", failure to present and accessible mitigation evidence, failure to investigation(s), present "exculpatory evidence", conduct reasonable preparations for "guilty plea" and "sentence" the criminal proceedings in mitigation at sentencing?

Appellant's Brief at vi.

It is well-settled that we review the propriety of an order denying PCRA relief "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We

---

its Rule 907 notice finding the petition untimely. *See* Memorandum of Opinion, 12/29/20. The Commonwealth is likewise silent on this issue, having advised this Court by writing on July 26, 2021 that it would not be filing a brief. Under these circumstances, we decline to find waiver.

grant great deference to the PCRA court's findings and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Further, Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions (government interference, unknown facts, or a newly recognized constitutional right) applies. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

"A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" ***Monaco***, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)).

Here, Appellant's petition is untimely because his judgment of sentence became final on June 8, 2012, and he filed the underlying petition, his second, more than seven years later, on November 22, 2019. *See* Pa.R.Crim.P. 907 Notice, 8/11/20, at 4.[3]

Although Appellant asserts his petition falls within the exception for unknown facts and "after discovered evidence," the record does not support this claim. The PCRA court accurately explained:

> Petitioner claims that the after-discovered evidence exception is applicable to his case because mental illness prevented him from previously understanding the facts upon which his claims are predicated. In support of his claim, Petitioner relies heavily upon ***Commonwealth v. Cruz***, 852 A.2d 287 (Pa. 2004). "[I]t is the petitioner's burden to plead and prove that one of the exceptions applies." ***Commonwealth v. Bronshtein***, 752 A.2d 868, 871 (Pa. 2000). In ***Cruz***, the Pennsylvania Supreme Court fashioned a new method by which PCRA petitioners could employ the after-discovered evidence exception to the PCRA's time bar. This method involved allowing a petitioner to prove that, due to previous incompetence, facts in support of their PCRA claims were undiscoverable until the petitioner became competent. ***Cruz***, 852 A.2d at 297. The "limited holding" in ***Cruz*** has been construed "narrowly." ***Commonwealth v. Shaw***, 217 A.3d 265, 271 (Pa. Super. 2019). In one interpretation of the holding in ***Cruz***, the Pennsylvania Supreme Court considered it relevant that the petitioner was cognizant enough to file his first *pro se* petition in a timely manner. ***Commonwealth v. Ali***, 86 A.3d 173, 181 (Pa. 2014). Another ruling saw the Superior Court deny application of the exception where the petitioner failed to offer evidence showing: (1) when he transitioned from incompetent to competent, (2) the point at which he reached incompetence after being deemed competent prior to his guilty plea, and (3) the nature of his affliction being one that could result in such an

---

[3] The pages in the Rule 907 Notice are unnumbered; for reference, we assign the corresponding number.

improvement from incompetence to competence. ***Commonwealth v. Liebensperger***, 904 A.2d 40, 48 (Pa. Super. 2006). **Although Petitioner's incompetence has never been established in this case**, he claims that he was previously incompetent to the point that certain facts were beyond his discovery. In addition to this lack of information on his incompetence, Petitioner similarly fails to indicate both the nature of his affliction and the time at which the facts underlying his petition became discoverable because of the restoration of his competence. Further impacting the Court's determination in this situation is the fact that, like ***Ali***, Petitioner filed his first *pro se* petition in a timely manner, seemingly indicating his understanding of the requirement then. Considering all of this, the Court cannot conclude that the facts underlying Petitioner's present petition were indiscoverable to him because of incompetence.

Pa.R.Crim.P. 907 Notice, 8/17/20, at 5-6 (emphasis added).[4]

Appellant attempts to refute the PCRA court's finding by arguing that PCRA counsel was ineffective for failing to properly investigate his claim of after discovered incompetence. Appellant's Brief at 1. We disagree.

When a petitioner asserts an ineffectiveness claim, he is entitled to relief if he pleads and proves counsel's ineffectiveness by a preponderance of the evidence. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." ***Commonwealth v.***

---

[4] As we stated above, Appellant also filed – subsequent to the dismissal of his first PCRA petition – a timely *pro se* petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania.

*Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987)). "A petitioner must prove all three factors of the '*Pierce* test,' or the claim fails." *Id.* "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

Where an appellant claims ineffective assistance of PCRA counsel who has filed a *Turner*/*Finley* brief and been granted leave to withdraw from representation by the PCRA court, we must first determine if we are permitted to reach the claim before we may address it. *Rykard*, 55 A.3d at 1186. A petitioner waives the issue of PCRA counsel's ineffectiveness related to *Turner*/*Finley* if he declines to respond to the PCRA court's Rule 907 notice of intent to dismiss. *Id.* (citing *Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009)).

Here, Appellant filed a response to the PCRA court's Rule 907 notice in which he alleged PCRA counsel's ineffectiveness. *See* Petitioner's Response, 8/31/20, at 1-4. We therefore consider Appellant's claim. However, our review of the record reveals no error by the PCRA court in dismissing Appellant's petition.

Counsel drafted a thorough and well-reasoned letter which complied with the dictates of *Turner*/*Finley*, and clearly and succinctly explained that Appellant's petition is untimely and he is not eligible for relief under *Cruz*. *See* Motion to Withdraw as Counsel, 8/12/20, at 4-5. We have reviewed both

Appellant's *pro se* response to the motion to withdraw and his appellate brief, neither of which present a meaningful argument to counter the legal conclusions of counsel and the PCRA court that Appellant's petition is untimely, and he has not pled and proven an exception to the time bar, *i.e.*, PCRA counsel was not ineffective and Appellant was not prejudiced by trial counsel's alleged failure to investigate his competency.  Accordingly, no relief is due.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/2021